# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WSOU INVESTMENTS, LLC<br>D/B/A BRAZOS LICENSING<br>AND DEVELOPMENT,<br><br>        Plaintiff,<br><br>  v.<br><br>NETGEAR, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)  C.A. No.<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff"), through its attorneys, complains of Netgear, Inc. ("Defendant"), and alleges the following:

### PARTIES

1. Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development is a limited liability company organized and existing under the laws of Delaware that maintains its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

2. Defendant Netgear, Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 350 E. Plumeria Drive, San Jose, California 95134.

1

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District, and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement giving rise to this action in this District, has an established place of business in this District, and is incorporated in this District. In addition, Plaintiff has suffered harm in this District.

## PATENT-IN-SUIT

7. Plaintiff is the assignee of all right, title and interest in United States Patent No. 7,512,096 ("the '096 Patent"), including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '096 Patent. Accordingly, Plaintiff possesses the

exclusive right and standing to prosecute the present action for infringement of the '096 Patent by Defendant.

## THE '096 PATENT

8.  The '096 Patent is entitled "Communicating data between an access point and multiple wireless devices over a link" and issued on March 31, 2009. The application leading to the '096 Patent was filed on November 24, 2004. A true and correct copy of the '096 Patent is attached hereto as **Exhibit 1** and incorporated herein by reference.

9.  The '096 Patent is valid and enforceable.

## COUNT 1: INFRINGEMENT OF THE '096 PATENT

10. Plaintiff incorporates the above paragraphs herein by reference.

11. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '096 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant product identified in the chart incorporated into this Count below ("Exemplary Defendant Product") that infringes at least claim 1 of the '096 Patent also identified in the chart incorporated into this Count below (the "Exemplary '096 Patent Claim") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '096 Patent have

been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '096 Patent Claim, by having its employees internally test and use the Exemplary Product.

13.     **Actual Knowledge of Infringement.**  Plaintiff has had actual knowledge of the '096 Patent since at least the service of Plaintiff's Complaint in the United States District Court for the Western District of Texas on February 23, 2021, in Case No. 6:21-cv-00153-ADA ("February 2021 Complaint"), which attached claim charts and corresponding reference exhibits comparing the Exemplary '096 Patent Claim to the Exemplary Product; these charts undoubtedly informed Defendant as to how the Exemplary Product infringes the '096 Patent.

14.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '096 Patent.  On information and belief, Defendant has also continued to sell the Exemplary Defendant Product and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '096 Patent.  *See* Exhibit 2 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).  By the time of trial, Defendant will have known

and intended (since receiving actual notice on February 23, 2021) that its continued actions would infringe and actively induce and contribute to the infringement of one or more claims of the '096 Patent.

15. Consequently, Defendant's infringement of the '096 Patent is willful and deliberate, entitling Plaintiff to enhanced damages pursuant to 35 U.S.C. § 284.

16. **Induced Infringement.** At least since being served with the February 2021 Complaint and corresponding claim charts, Defendant has committed, and continues to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the '096 Patent with knowledge of the '096 Patent and knowledge that the induced acts constitute infringement of one or more claims of the '096 Patent. Defendant has actively induced others, including, but not limited to, customers, purchasers, developers, and/or end users of the Exemplary Defendant Product to infringe the '096 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this judicial district, by, among other things, advertising, promoting, and instructing the use of the Exemplary Defendant Product via various websites, including providing and disseminating product descriptions, operating manuals, how-to videos and guides, and other instructions on how to implement and configure the Exemplary Defendant Product. Defendant induces others to

infringe the '096 Patent by encouraging and facilitating others to perform actions that Defendant knows to be acts of infringement of the '096 Patent with intent that those performing the acts infringe the '096 Patent.

17. As an illustrative example only, Defendant induces such acts of infringement by its affirmative actions of intentionally providing the Exemplary Defendant Product that when used in their normal and customer way as desired and intended by Defendant, infringe one or more claims of the '096 Patent and/or by directly or indirectly providing instructions on how to use its Exemplary Defendant Product in a manner or configuration that infringes one or more claims of the '096 Patent, including at least the following:

- https://www.netgear.com/images/datasheet/wireless/WAC740.pdf

18. Defendant therefore actively, knowingly, and intentionally has been and continues to induce infringement of the '096 Patent, literally or by the doctrine of equivalents, by instructing, encouraging or aiding others (including its customers, purchasers, developers, and/or end users) to make, use, sell, or offer to sell the Exemplary Defendant Product and other infringing products in the United States, or to import them into the United States, without license or authority from Plaintiff with knowledge of or willful blindness to the fact that Defendant's actions will induce others, including but not limited to its customers, partners, and/or end users to infringe the '096 Patent. Defendant induces others to infringe the '096

Patent by encouraging and facilitating others to perform actions that Defendant knows to be acts of infringement of the '096 Patent with intent that those performing the acts infringe the '096 Patent.

19.     **Contributory Infringement.**  At least since being served with the February 2021 Complaint and corresponding claim charts, Defendant has committed, and continues to commit, contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia,* knowingly selling the Exemplary Defendant Product that when used causes the direct infringement of one or more claims of the '096 Patent by a third party, and which has no substantial non-infringing uses, or include a separate and distinct component that is especially made or especially adapted for use in infringement of the '096 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

20.     Defendant therefore actively, knowingly, and intentionally has been and continues to materially contribute to its own customers', purchasers', developers', and end users' infringement of the '096 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Product and other infringing products to their customers for use in end-user products in a manner that infringes one or more claims of the '096 Patent.  The Exemplary Defendant Product and other infringing products are especially made or adapted for infringing

7

the '096 Patent and are not staple articles of commerce suitable for substantial non-infringing uses.  For example, in view of the preceding paragraphs, the Exemplary Defendant Product contains functionality which is material to at least one claim of the '096 Patent.  *See* Exhibit 2 (demonstrating how end-user use of the Exemplary Defendant Product inevitably leads to infringement).

21. **Exhibit 2** includes a chart comparing the Exemplary '096 Patent Claim to the Exemplary Defendant Product.  As set forth in the chart, the Exemplary Defendant Product practices the technology claimed by the '096 Patent.  Accordingly, the Exemplary Defendant Product incorporated in the chart satisfies all elements of the Exemplary '096 Patent Claim.

22. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of Exhibit 2, and corresponding referenced exhibits.

23. Plaintiff has been damaged by Defendant's infringement of the '096 Patent and will continue to be damaged by such infringement.  Plaintiff is entitled to recover damages from Defendant adequate to compensate it for Defendant's infringement, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

**JURY DEMAND**

24. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

    A.    A judgment that the '096 Patent is valid and enforceable;

    B.    A judgment that Defendant has infringed directly, contributorily, and/or induced infringement of one or more claims of the '096 Patent;

    C.    An accounting of all damages not presented at trial;

    D.    A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement with respect to the '096 Patent;

    E.    A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's continuing or future infringement, up until the date such judgment is entered with respect to the '096 Patent, including pre- and post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

    F.    A judgment that awards Plaintiff ongoing royalties for Defendant's continued direct and/or indirect infringement of the '096 Patent;

    G.    A judgment awarding Plaintiff enhanced damages pursuant to 35 U.S.C. § 284, including for Defendant's willful infringement of the '096 Patent;

H. And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

　　i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

　　ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

　　iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

| | |
|---|---|
| Dated: July 30, 2021 | DEVLIN LAW FIRM LLC |
| | By: */s/ James M. Lennon* <br> James M. Lennon (No. 4570) <br> 1526 Gilpin Avenue <br> Wilmington, DE 19806 <br> (302) 449-9010 <br> jlennon@devlinlawfirm.com |
| OF COUNSEL: | |
| Jonathan K. Waldrop <br> Darcy L. Jones <br> Marcus A. Barber <br> ThucMinh Nguyen <br> John W. Downing <br> Heather S. Kim <br> Jack Shaw <br> KASOWITZ BENSON TORRES LLP <br> 333 Twin Dolphin Drive, Suite 200 <br> Redwood Shores, CA 94065 <br> (650) 453-5170 | *Attorneys for Plaintiff* |

Shelley Ivan
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
(212) 506-1700

Paul G. Williams
KASOWITZ BENSON TORRES LLP
1230 Peachtree Street, NE, Suite 2445
Atlanta, GA 30309
(404) 260-6080