IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>        Plaintiff,<br><br>    v.<br><br>NETGEAR, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 21-1117 (MN)<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>) |

## NETGEAR, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant NETGEAR, INC. ("NETGEAR" or "Defendant"), by and through the undersigned counsel, answers the Complaint (D.I. 1) of Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU" or "Plaintiff"), as follows. Except as expressly admitted below, NETGEAR denies each and every allegation in the Complaint.

### PARTIES

1.  Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development is a limited liability company organized and existing under the laws of Delaware that maintains its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

**ANSWER:** NETGEAR is without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph and therefore denies the allegations of the paragraph.

2.  Defendant Netgear, Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 350 E. Plumeria Drive, San Jose, California 95134.

**ANSWER:** Admitted.

### JURISDICTION

3.  This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**ANSWER:** NETGEAR admits that WSOU purports to allege an action for patent infringement, but denies the merits of this action and denies that it has committed any acts of patent infringement.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** NETGEAR admits that WSOU purports to bring an action for alleged patent infringement under the patent laws of the United States, and further admits that this Court has subject matter jurisdiction over actions arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331 and 1338(a), but denies the merits of this action.

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District, and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

**ANSWER:** NETGEAR admits that it is incorporated in Delaware and does not contest that this Court has personal jurisdiction over it. NETGEAR admits that does business in Delaware, but denies that it has committed any acts of patent infringement in this District or anywhere else. Except as expressly admitted, NETGEAR denies any and all remaining allegations set forth in this paragraph.

**VENUE**

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement giving rise to this action in this District, has an established place of business in this District, and is incorporated in this District. In addition, Plaintiff has suffered harm in this District.

**ANSWER:** NETGEAR does not contest that that venue is proper in the District of Delaware, but denies the merits of this action. Except as expressly admitted, NETGEAR denies any and all remaining allegations set forth in this paragraph.

## PATENT-IN-SUIT

7.     Plaintiff is the assignee of all right, title and interest in United States Patent No. 7,512,096 ("the '096 Patent"), including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '096 Patent. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '096 Patent by Defendant.

**ANSWER:** NETGEAR is without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph and therefore denies the allegations of the paragraph.

## THE '096 PATENT

8.     The '096 Patent is entitled "Communicating data between an access point and multiple wireless devices over a link" and issued on March 31, 2009. The application leading to the '096 Patent was filed on November 24, 2004. A true and correct copy of the '096 Patent is attached hereto as **Exhibit 1** and incorporated herein by reference.

**ANSWER:** NETGEAR admits that the face of the '096 Patent indicates a title of "Communicating data between an access point and multiple wireless devices over a link," an issue date of March 31, 2009, and a filing date of November 24, 2004, and that what purports to be a copy of the '096 Patent is attached to the Complaint as Exhibit 1. NETGEAR denies the remaining allegations in this paragraph.

9.     The '096 Patent is valid and enforceable.

**ANSWER:** Denied.

## COUNT 1: INFRINGEMENT OF THE '096 PATENT

10.     Plaintiff incorporates the above paragraphs herein by reference.

**ANSWER:** No response is required to Plaintiff's incorporation of the above paragraphs. To the extent an answer is called for, NETGEAR repeats and incorporates by reference its answers to the above paragraphs as set forth above.

11.     **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '096 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant product identified in the chart incorporated into this Count below ("Exemplary Defendant Product") that infringes at least claim

1 of the '096 Patent also identified in the chart incorporated into this Count below (the "Exemplary '096 Patent Claim") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '096 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER:** Denied.

12. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '096 Patent Claim, by having its employees internally test and use the Exemplary Product.

**ANSWER:** Denied.

13. **Actual Knowledge of Infringement.** Plaintiff has had actual knowledge of the '096 Patent since at least the service of Plaintiff's Complaint in the United States District Court for the Western District of Texas on February 23, 2021, in Case No. 6:21-cv-00153-ADA ("February 2021 Complaint"), which attached claim charts and corresponding reference exhibits comparing the Exemplary '096 Patent Claim to the Exemplary Product; these charts undoubtedly informed Defendant as to how the Exemplary Product infringes the '096 Patent.

**ANSWER:** NETGEAR admits that it received service of Plaintiff's Complaint in Case No. 6:21-cv-00153-ADA in the United States District Court for the Western District of Texas on February 23, 2021. To the extent that the allegations of this paragraph purport to characterize the contents of a written document, that document speaks for itself. Except as expressly admitted, NETGEAR denies any and all remaining allegations set forth in this paragraph.

14. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '096 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Product and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '096 Patent. *See* Exhibit 2 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement). By the time of trial, Defendant will have known and intended (since receiving actual notice on February 23, 2021) that its continued actions would infringe and actively induce and contribute to the infringement of one or more claims of the '096 Patent.

**ANSWER:** Denied.

15. Consequently, Defendant's infringement of the '096 Patent is willful and deliberate, entitling Plaintiff to enhanced damages pursuant to 35 U.S.C. § 284.

**ANSWER:** Denied.

16. **Induced Infringement.** At least since being served with the February 2021 Complaint and corresponding claim charts, Defendant has committed, and continues to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the '096 Patent with knowledge of the '096 Patent and knowledge that the induced acts constitute infringement of one or more claims of the '096 Patent. Defendant has actively induced others, including, but not limited to, customers, purchasers, developers, and/or end users of the Exemplary Defendant Product to infringe the '096 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this judicial district, by, among other things, advertising, promoting, and instructing the use of the Exemplary Defendant Product via various websites, including providing and disseminating product descriptions, operating manuals, how-to videos and guides, and other instructions on how to implement and configure the Exemplary Defendant Product. Defendant induces others to infringe the '096 Patent by encouraging and facilitating others to perform actions that Defendant knows to be acts of infringement of the '096 Patent with intent that those performing the acts infringe the '096 Patent.

**ANSWER:** Denied.

17. As an illustrative example only, Defendant induces such acts of infringement by its affirmative actions of intentionally providing the Exemplary Defendant Product that when used in their normal and customer way as desired and intended by Defendant, infringe one or more claims of the '096 Patent and/or by directly or indirectly providing instructions on how to use its Exemplary Defendant Product in a manner or configuration that infringes one or more claims of the '096 Patent, including at least the following:

- https://www.netgear.com/images/datasheet/wireless/WAC740.pdf

**ANSWER:** Denied.

18. Defendant therefore actively, knowingly, and intentionally has been and continues to induce infringement of the '096 Patent, literally or by the doctrine of equivalents, by instructing, encouraging or aiding others (including its customers, purchasers, developers, and/or end users) to make, use, sell, or offer to sell the Exemplary Defendant Product and other infringing products in the United States, or to import them into the United States, without license or authority from Plaintiff with knowledge of or willful blindness to the fact that Defendant's actions will induce others, including but not limited to its customers, partners, and/or end users to infringe the '096 Patent. Defendant induces others to infringe the '096 Patent by encouraging and facilitating others to perform actions that Defendant knows to be acts of infringement of the '096 Patent with intent that those performing the acts infringe the '096 Patent.

**ANSWER:** Denied.

19. **Contributory Infringement.** At least since being served with the February 2021 Complaint and corresponding claim charts, Defendant has committed, and continues to commit, contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia*, knowingly selling the Exemplary Defendant Product that when used causes the direct infringement of one or more claims of the '096 Patent by a third party, and which has no substantial non-infringing uses, or include a separate and distinct component that is especially made or especially adapted for use

in infringement of the '096 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

**ANSWER:** Denied.

20. Defendant therefore actively, knowingly, and intentionally has been and continues to materially contribute to its own customers', purchasers', developers', and end users' infringement of the '096 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Product and other infringing products to their customers for use in end-user products in a manner that infringes one or more claims of the '096 Patent. The Exemplary Defendant Product and other infringing products are especially made or adapted for infringing the '096 Patent and are not staple articles of commerce suitable for substantial non-infringing uses. For example, in view of the preceding paragraphs, the Exemplary Defendant Product contains functionality which is material to at least one claim of the '096 Patent. *See* Exhibit 2 (demonstrating how end-user use of the Exemplary Defendant Product inevitably leads to infringement).

**ANSWER:** Denied.

21. **Exhibit 2** includes a chart comparing the Exemplary '096 Patent Claim to the Exemplary Defendant Product. As set forth in the chart, the Exemplary Defendant Product practices the technology claimed by the '096 Patent. Accordingly, the Exemplary Defendant Product incorporated in the chart satisfies all elements of the Exemplary '096 Patent Claim.

**ANSWER:** NETGEAR admits that Exhibit 2 to the Complaint includes a chart. To the extent that the allegations of this paragraph purport to characterize the contents of a written document, that document speaks for itself. Except as expressly admitted, NETGEAR denies any and all remaining allegations set forth in this paragraph.

22. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of Exhibit 2, and corresponding referenced exhibits.

**ANSWER:** No response is required to Plaintiff's incorporation by reference in its allegations herein the claim chart of Exhibit 2, and corresponding referenced exhibits. To the extent an answer is called for, NETGEAR denies that the claim chart and corresponding referenced exhibits show infringement by NETGEAR. NETGEAR denies any and all remaining allegations set forth in this paragraph.

23. Plaintiff has been damaged by Defendant's infringement of the '096 Patent and will continue to be damaged by such infringement. Plaintiff is entitled to recover damages from Defendant adequate to compensate it for Defendant's infringement, in an amount measured by no

less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

**ANSWER:** Denied.

## JURY DEMAND

24. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

**ANSWER:** WSOU's jury demand contains no statements that require an admission or denial.

## PRAYER FOR RELIEF

To the extent WSOU's Prayer for Relief is deemed to allege any facts or entitlements to the relief requested, NETGEAR denies each and every allegation. NETGEAR denies that the '096 Patent is valid or enforceable. NETGEAR denies all allegations of infringement. NETGEAR denies that WSOU has suffered or is entitled to any damages, injunctive relief, or attorneys' fees, costs, or expenses. NETGEAR denies any allegation of willful infringement.

## DEFENSES

NETGEAR asserts the following defenses in response to WSOU's allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, NETGEAR specifically reserves all rights to allege additional defenses that become known through the course of discovery.

## FIRST DEFENSE: NON-INFRINGEMENT

NETGEAR does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale or imported into the United States any products or

services that infringe any valid and enforceable claim of the '096 Patent willfully, directly, indirectly, through the doctrine of equivalents, or otherwise.

## SECOND DEFENSE: INVALIDITY

The claims of the '096 Patent are invalid for failure to meet the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112, the requirements of the Code of Federal Regulations, as well as the general principles of patent law.

## THIRD DEFENSE: PROSECUTION HISTORY ESTOPPEL

By reason of statements, representations, concessions, admissions, arguments, and/or amendments, whether explicit or implicit, made by or on behalf of the applicant during the prosecution of the patent application that led to the issuance of the '096 Patent, WSOU's claims of patent infringement are barred in whole or in part by the doctrine of prosecution history estoppel.

## FOURTH DEFENSE: EQUITABLE DOCTRINES

WSOU's claims for damages are barred, in whole or in part, by the equitable doctrines of estoppel, waiver, prosecution laches, acquiesces, unclean hands, and/or other equitable doctrines.

## FIFTH DEFENSE: LIMITATIONS ON RECOVERY

WSOU's claims for damages are limited by and/or barred in whole or in part by 35 U.S.C. §§ 286 and 287. WSOU is precluded from recovering costs under 35 U.S.C. § 288.

## SIXTH DEFENSE: FAILURE TO STATE A CLAIM

WSOU fails to state a claim upon which relief may be granted.

## OTHER DEFENSES RESERVED

NETGEAR reserves all affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or may

become available in the future based on discovery or any other factual investigation in this case, including inequitable conduct defenses.

## JURY DEMAND

NETGEAR demands a trial by jury on all claims and issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com

*Attorneys for Defendant*

OF COUNSEL:

Amr O. Aly
JENNER & BLOCK LLP
919 Third Avenue
New York, NY 10022
(212) 891-1600

Lisa M. Schoedel
Yusuf Esat
Mitchell L. Denti
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654-3456
(312) 222-9350

September 24, 2021

9

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 24, 2021, upon the following in the manner indicated:

| | |
|---|---|
| James M. Lennon, Esquire<br>DEVLIN LAW FIRM LLC<br>1526 Gilpin Avenue<br>Wilmington, DE 19806<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Jonathan K. Waldrop, Esquire<br>Darcy L. Jones, Esquire<br>Marcus A. Barber, Esquire<br>ThucMinh Nguyen, Esquire<br>John W. Downing, Esquire<br>Heather S. Kim, Esquire<br>Jack Shaw, Esquire<br>KASOWITZ BENSON TORRES LLP<br>333 Twin Dolphin Drive, Suite 200<br>Redwood Shores, CA 94065<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Shelley Ivan, Esquire<br>KASOWITZ BENSON TORRES LLP<br>1633 Broadway<br>New York, NY 10019<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Paul G. Williams, Esquire<br>KASOWITZ BENSON TORRES LLP<br>1230 Peachtree Street, NE, Suite 2445 Atlanta, GA 30309<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Jennifer Ying*

Jennifer Ying (#5550)