IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | ) ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 21-01117-MN-CJB C.A. No. 21-01119-MN-CJB C.A. No. 21-01120-MN-CJB |
| v. | ) ) | |
| NETGEAR, INC., | ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

In order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the Parties are entitled to keep confidential, ensure that only materials the Parties are entitled to keep confidential are subject to such treatment, and ensure that the Parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), the Parties agree, subject to order of the Court, as follows:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" (collectively and individually "DESIGNATED MATERIAL"). The appropriate

designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts and natively produced documents) for which such protection is sought.   For deposition and hearing transcripts, the appropriate designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript is designated as containing Protected Material.  For natively produced Protected Material, the appropriate designation shall be placed in the filename of each such natively produced document.

2.   Any document produced before issuance of this Order, including under the Court's Order Governing Proceedings, with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or the like) shall receive the same treatment as if designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," respectively, under this Order, unless and until such document is re-designated to have a different classification under this Order.

3.   With respect to documents, information, or material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE," subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts,

digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.      A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") may be made at any time.  Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.   Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.      "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 16 herein:

(a)      Outside counsel of record in this Action for the Parties.

(b)      Outside counsel's paralegals, attorneys, and staff, working at the direction of such outside counsel that are assigned to and reasonably necessary to assist such counsel in the litigation of this Action.

(c)      No more than two (2) in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action and who have read and agree to be bound by this Order and have executed the Undertaking attached as Exhibit A.

(d)     Outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert, including a list of other cases in which the individual has provided a report or testified (at trial or deposition) and a list of companies that the individual has been employed by or provided consulting services pertaining to the field of the invention of the patent(s)-in-suit or the products accused of infringement within the last four years and a brief description of the subject matter of the consultancy or employment, at least seven (7) days before access to the Protected Material is to be given to that consultant to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert.   The Parties shall promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, within seven (7) days of the meet and confer, the objecting Party may raise the dispute with the Court using the Court's discovery dispute procedures as outlined in the Scheduling Order to resolve the objections(s)  No disclosure shall occur until all such objections are resolved by agreement or Court order.

(e)     Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action.

(f)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

(g)     Mock jurors who have signed the Undertaking attached as Exhibit A agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential.

(h)     The Court, the jury, and the Court's personnel.

6.    A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material should be protected from public disclosure because such information contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code (*i.e.*, a text listing of computer instructions, commands and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator) and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "HIGHLY CONFIDENTIAL – SOURCE CODE."  For avoidance of doubt, "Source Code Material" and "HIGHLY CONFIDENTIAL – SOURCE CODE" material does not include (1) files names and function names associated with the source code made available for inspection; (2) variable names associated with the source code made available for inspection; or (3) a receiving party's own description related to the source code made available for inspection, but instead, such materials and information shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

8. For Protected Material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (d-h).

9. For Protected Material designated HIGHLY CONFIDENTIAL – SOURCE CODE, the following additional restrictions apply:

 (a) Access to a Party's Source Code Material shall be provided on a non-networked computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) equipped with a monitor of a

reasonable size, a keyboard and mouse.  The non-networked computer shall, at the receiving Party's request, include reasonable analysis tools for the type of Source Code Material provided thereon.  The receiving Party shall be responsible for providing tools and any license(s) to the tools that it wishes to use so that the producing Party may install such tools on the non-networked computer, and such tools and license(s) must be provided to the producing Party no later than seven (7) business days in advance of access to the non-networked computer.  The non-networked computer shall be located at the offices of the producing Party's outside counsel or its vendors.  A signed log of the name(s) of the individual(s) and time(s) of access to the non-networked computer shall be maintained by the producing Party.  Should the need arise due to a public health emergency, state, local, or national social distancing restrictions or travel restrictions, which hinder the source code review, the Parties shall meet and confer in good faith to discuss the feasibility of making the source code machines available in a location that would allow source code review to occur.

(b)    The receiving Party shall make reasonable efforts to restrict its requests for such access to the non-networked computer to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. local time where the non-networked computer is located.  However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the non-networked computer outside of normal business hours.  Requests for access shall be made in writing at least three (3) business-days' notice for the initial inspection of the Source Code Materials.

Any single inspection may span multiple days based on the same notice. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel or its vendors shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

(c)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the non-networked computer in order to access the produced Source Code Material on the non-networked computer.

(d)     The producing Party will produce Source Code Material in computer searchable format on the non-networked computer.

(e)     Access to Source Code Material shall be limited to outside counsel of record and up to three (3) outside consultants or experts[1] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party or competitor identified by the Producing Party with reasonable specificity) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(d) above. No recordable media or recording devices, including, without limitation, sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted in the Source Code Material review room. Outside counsel and the three (3) outside consultants or

---

[1] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert, provided that such personnel helping in the analysis of Source Code Material shall be disclosed pursuant to paragraph 5(d) and has signed the undertaking in Exhibit A.

experts shall be entitled to take hand-written notes relating to the Source Code Material but may not copy Source Code Material into their notes and may not take such notes electronically on any other computer or electronic device.

(f)  The receiving Party shall be permitted to request a paper copy of limited portions of Source Code Material that are reasonably necessary to attach to filings, pleadings, expert reports, or other papers, or for use as an exhibit at deposition, or trial, but shall not request paper copies for the purposes of reviewing the Source Code Material other than electronically as set forth in paragraphs 9(a)-(e) above. The Parties agree to meet and confer in good faith after the producing Party produces Source Code Material and before the receiving Party accesses the non-networked computer to negotiate a presumptive limit of overall pages and consecutive pages that constitutes a reasonable number of printing requests.  After the receiving Party accesses the non-networked computer, the Parties agree to meet and confer in good faith regarding the basis for (and resolution of) any Source Code Material printing requests beyond the negotiated presumptive limit.

   i.  Using the software available on the non-networked computer, the receiving Party shall create PDFs of the printed copies the receiving Party is requesting and save them in a folder on the desktop of the non-networked computer named "Print Requests" with a subfolder identifying the date of the request.  The PDF printouts must include identifying information regarding the Source Code Material including the full file path and file name, page number, line numbers, and date of printing.

   ii.  At the end of each review day, the receiving Party shall serve its request for

the printed copy by sending an email to the producing Party identifying the file names and line numbers or by identifying the subfolders of the "Print Requests" folder that are being requested. The producing Party shall then provide one copy of all such Source Code Material on non-copyable paper including BATES production numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE."

iii. The receiving Party shall be permitted to make up to four (4) copies of the printed Source Code Material obtained in accordance with paragraphs 9(f)(i)-(ii) above. The receiving Party's outside counsel shall maintain a log of the custodian and location of each of the copies, and shall make the log available to the producing Party upon request. Any person receiving a copy of any Source Code Material shall maintain and store any paper copies of the Source Code Material at their offices in a manner that prevents duplication of, or unauthorized access to, the Source Code Materials including, without limitation, storing the Source Code Materials in a locked room or cabinet at all times when not in use. The receiving Party may also temporarily keep the printouts at: (i) the Court for any proceeding(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts (*e.g.*, a hotel prior to a Court proceeding or deposition). For depositions involving Source Code Material, the receiving Party shall not

bring copies of any printed Source Code Material, other than a set of paper copies for the examining attorney's individual use during the deposition. Rather, the receiving Party shall give, at least five (5) business days prior to a deposition, notice to the producing Party to make available the Source Code Material printouts at the deposition of a witness who would otherwise be permitted access to the Source Code Material. In response to said notice, the producing Party shall provide copies of the Source Code Material printouts at the deposition. Copies of Source Code Material that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its BATES production numbers.  All papers copies of Source Code Material brought to the deposition, except the examining attorney's aforementioned individual set of paper copies, which may contain attorney work product, shall be returned to the producing Party and securely destroyed in a timely manner following the deposition.

(g)   A receiving Party may include excerpts of printed Source Code Material, as obtained in accordance with paragraph 9(f) above, in an exhibit to a pleading, expert report, deposition transcript, or other Court document required by the Court (collectively, "Source Code Exhibits"), provided that the Source Code Exhibits are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.  Source Code Material shall not be included in correspondence between the Parties (references to BATES

production numbers shall be used instead) and shall be omitted from pleadings and other papers. To the extent portions of Source Code Material are quoted in a Source Code Exhibit, either (1) the entire Source Code Exhibit will be stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE.

(h)   Except as set forth in paragraph 9(g) above, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party.

(i)   Except as set forth in paragraph 9(g) above, a producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 9(e) above to another person authorized under paragraph 9(e) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet without prior written permission of the producing Party.

10.   Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.   Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.   Any

such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

11.    Any attorney representing Plaintiff, whether in-house or outside counsel, and any person associated with Plaintiff and permitted to receive Defendant's Protected Material that is designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL – SOURCE CODE and directed to technical information relevant to the case, but excluding financial data or non-technical business information (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, or otherwise learns, in whole or in part, Defendant's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of Plaintiff or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for 18 months after its conclusion, including any appeals or 18 months after such person withdraws from this Action if they made an appearance or provides written notice to the Defendant that they no longer have access to HIGHLY SENSITIVE MATERIAL, whichever is earlier.  These prohibitions shall not preclude Plaintiff's litigation counsel from participating in any *inter partes* review, covered business method review, or post-grant review proceedings, provided there is no attempt to amend or otherwise modify the scope of any claims in the proceedings by any counsel for patent owner during the course of the proceedings.  To ensure compliance with the purpose of this provision, Plaintiff shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of Plaintiff or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise, or assist in the preparation or

prosecution of any patent application pertaining to the field of invention of the patents-in-suit.

12. Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.   Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material.   The recipient(s) shall immediately gather and return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.  After notice is provided, no use shall be made of such material during deposition or at trial, or for any other purpose or in any other manner, nor shall such material be shown to anyone except as necessary to facilitate the return or destruction of such documents or information.  If any such inadvertently produced material has been used in any other document generated in connection with the Action, including deposition transcripts, exhibits, and court filings, to the extent reasonably possible, the material shall

be expunged or destroyed.  The producing Party shall include the documents in a privilege log identifying such inadvertently produced or disclosed documents.  The receiving Party may move the Court for an order compelling production of any inadvertently produced or disclosed privileged documents or information, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion.  Nothing herein is intended to alter any attorney's obligation to abide by any applicable rules of professional responsibility relating to the inadvertent disclosure of privileged information.  To the extent that a receiving Party receives information or items from a producing Party that the receiving Party believes may have been inadvertently disclosed, the receiving Party shall inform the producing Party and suspend review of such information or items for five (5) business days subject to the producing Party's response.

13.   No Party shall be required to identify on their respective privilege log any document or communication dated on or after February 19, 2021, which absent this provision, the Party would have been obligated to so identify on said privilege log.  The Parties shall exchange their respective privilege logs at a time to be agreed upon by the Parties following the production of documents.

14.   For experts retained in anticipation of or in connection with this action, documents constituting drafts of expert reports and declarations, and documents constituting notes or outlines created by or for an expert in connection with preparation of his or her expert report or declaration, shall not be discoverable and need not be preserved.   Work product

materials, including communications or other written materials, generated in connection with non-testifying experts and consultants who are retained in anticipation of or in connection with the above-captioned litigation, shall not be discoverable. Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order. No conversations or e-mail communications between counsel and any testifying expert will be subject to discovery.

15. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

16. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL or testifies that they have knowledge related to the DESIGNATED MATERIAL and would have access to the DESIGNATED MATERIAL in the ordinary course of business, prior to being shown the DESIGNATED MATERIAL and, after hearing that testimony, the producing Party agrees that the person

has knowledge of and would have access to the DESIGNATED MATERIAL[2]; (iv) a current or former officer, director, or employee of a company affiliated with the producing Party who testifies that they have seen, or has knowledge related to and would have had access to the DESIGNATED MATERIAL, prior to being shown the DESIGNATED MATERIAL and, after hearing that testimony, the producing Party agrees that the person has seen, or has knowledge of and would have had access to, the DESIGNATED MATERIAL; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 8 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL.   DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

17. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.   Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as CONFIDENTIAL – ATTORNEYS' EYES ONLY.

---

[2] For the purposes of subparagraphs 16(iii) and 16(iv), the receiving Party shall be responsible for laying the foundation that a deponent is eligible to have access, or was previously eligible to have access, to the DESIGNATED MATERIAL in the ordinary course of business prior to showing the deponent the DESIGNATED MATERIAL.

18.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal pursuant to D. Del. LR 5.1.3 and other applicable rules of the Court, and shall remain under seal until further order of the Court.   The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.   Exhibits to a filing shall conform to the labeling requirements set forth in this Order.   If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

19.     If a receiving Party learns that, by inadvertence or otherwise, it has disclosed DESIGNATED MATERIAL to any person or in any circumstance not authorized under this Order, the receiving Party must immediately (a) notify in writing the producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the DESIGNATED MATERIAL, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

20.     The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

21.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.   If the designating Party does not

agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief using the discovery dispute procedures as set forth in the Scheduling Order.   Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.   Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

22.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.   A copy of the acknowledgment form is attached as Exhibit A.

23.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business or technical information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

24.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" any documents, information, or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a

designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order.

25.   <u>Other Proceedings</u>.  By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or Party subject to this order who becomes subject to a motion to disclose another Party's information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this Order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed. More specifically, if a receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the receiving Party must so notify the producing Party, in writing (by email) promptly, and in no event more than five (5) calendar days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or order.  The receiving Party also must promptly inform, in writing, the Third Party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order.  In addition, the receiving Party must deliver a copy of this Protective Order promptly to the Third Party in the other action that caused the subpoena or order to issue.  The receiving Party must also cooperate with respect to all reasonable procedures sought to be pursued by the producing Party whose Designated Material may be affected.  If the producing Party timely seeks a

protective order, the Party served with a subpoena or court order shall not produce any DESIGNATED MATERIAL before a determination by the court from which the subpoena or order issued, unless the Party has obtained the producing Party's permission.  The producing Party shall bear the burdens and the expenses of seeking protection in that court of its DESIGNATED MATERIAL.  Nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

26.   Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  Within thirty (30) days of final disposition of this Action, including any appeals,  all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed.   The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.  Notwithstanding this provision, outside counsel of record may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), transcripts of other proceedings (including exhibits), expert reports

(including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence, attorney work product, and legal files, even if such materials contain DESIGNATED MATERIAL.  Any such archival copies that contain or constitute DESIGNATED MATERIAL remain subject to this Protective Order.  Nothing in this order requires a Party to destroy any information it is required by law to retain.  The Parties shall not be required to delete information that may reside on electronic disaster recovery systems that are overwritten in the normal course of business, or information that may reside in electronic files that are not reasonably accessible.  However, the Parties and their counsel shall not retrieve, access, nor use any DESIGNATED MATERIAL from said electronic disaster recovery systems or other not-reasonably accessible data sources after the conclusion of the matter.

27.   The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.   The entry of this Order and/or the production of documents, information, and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

28.   Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.   Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any

action alleged to constitute a violation of this Order.

29.     Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information, and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

30.     Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

31.     Each of the Parties shall also retain the right to use the Court's discovery dispute resolution procedure as set forth in the Scheduling Order (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

32.     To the extent the parties are unable to agree, each of the Parties shall also retain the right to apply to the Court a request (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL using the Court's discovery dispute resolution procedure as set forth in the Scheduling Order.

IT IS SO ORDERED, this _____ day of _____, 2021.

_____
The Honorable Christopher J. Burke
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A<br>BRAZOS LICENSING AND<br>DEVELOPMENT, | ) <br> ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) <br> ) | C.A. No. 21-01117-MN-CJB<br>C.A. No. 21-01119-MN-CJB<br>C.A. No. 21-01120-MN-CJB |
| v. | ) <br> ) | |
| NETGEAR, INC., | ) <br> ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the District of Delaware on _____[date] in the

case of *WSOU Investments LLC d/b/a Brazos Licensing and Development v. Netgear, Inc*., Case

Nos. 1:21-cv-01117-MN-CJB, 1:21-cv-01119-MN-CJB, and 1:21-cv-01120-MN-CJB.  I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt.  I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____