# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **WSOU Investments, LLC d/b/a Brazos Licensing and Development,**<br><br>            Plaintiff,<br><br>   v.<br><br>**Netgear, Inc.,**<br><br>            Defendant. | C.A. No. 1:21-1117-MN-CJB<br>C.A. No. 1:21-1119-MN-CJB<br>C.A. No. 1:21-1120-MN-CJB<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S LETTER TO THE HONORABLE CHRISTOPHER J. BURKE REGARDING DISCOVERY DISPUTES**

Dated: June 2, 2022

DEVLIN LAW FIRM LLC
James M. Lennon (No. 4570)
Peter Akawie Mazur (No. 6732)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
jlennon@devlinlawfirm.com
pmazur@devlinlawfirm.com

*Attorneys for Plaintiff*

Dear Judge Burke:

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos") provides its positions on the discovery issues for which it seeks relief.

Brazos respectfully requests that the court compel Netgear to provide responses to written discovery requests, including responses to interrogatories via FRCP 33(d) that reference no actual information. Brazos also respectfully requests the Court to order Netgear to produce adequate core technical documents that describe how the accused functionalities are implemented or identify the third-party that Netgear contends has possession, custody, and control of such documents for each patent.

Brazos served written discovery requests (Ex. A, B) on Defendant Netgear, Inc. ("Netgear") on November 29, 2021- nearly six months ago. Netgear certified that it complied with the Court's order regarding the production of core technical documents (D.I. 35, D.I. 49, D.I. 34). Over the past five months, the parties have exchanged multiple letters and met-and-conferred regarding Netgear's deficient discovery responses and productions, mainly regarding technical details that show how the accused products implement that accused functionality. (*See e.g.*, Annotated Exs. C, D, E, F, G, H, I, J, K). Despite many telephonic meetings and emails, Netgear's written discovery responses remain deficient and Netgear continues to purportedly investigate the issues while providing vague information. Because Netgear did not provide sufficient responses and explanations for its core technical document production over the course of several months, Brazos served a Second 30(b)(6) notice (Ex. N) on Netgear on April 07, 2022. This second 30(b)(6) notice focused on Netgear's core technical document production and the identification of third-parties that Netgear contends have possession of such information. To date, Netgear has not provided deposition availability for any witness that could resolve the outstanding core technical document questions. Thus, Brazos is unable to determine what source code or core technical documents are in the possession, custody or control of Netgear or some other party.

For the reasons below, the Court should compel Netgear to provide this information.

**Brazos's Positions**

### A.   Netgear Has Failed to Respond to Written Discovery Concerning the Accused Functionality and Has Not Adequately Produced Core Technical Documents

Brazos served written discovery requests on Netgear that sought information on how the Accused Products operate. (*See* Annotated Ex. A.) For example, Request for Production No. 4 sought:

> **Request for Production No. 4**: All documents, including Hardware Specifications and source code, sufficient to fully describe the functionality, operation, design, architecture, topology, and deployment of the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1, separately for each Action."

1

On December 29, 2021, Netgear responded to the request confirming that it would produce documents responsive to the Request "Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control that can be located after a reasonable search, if any, that describe the functionality of the products specifically listed in WSOU's identification of accused products on December 23, 2021 pursuant to Paragraph 7(a) of the Scheduling Order." (*See* Annotated Ex. L.)

Brazos also served interrogatories covering technical topics. (*See* Annotated Ex. B.) For example, Brazos served the following interrogatories that sought the identification of design documents and source code showing how the accused features are implemented or the identification of third parties that have possession of the information.

> **Interrogatory Number 2:** For each Accused Product, Related Product, and product identified in response to Interrogatory No. 1, identify ***all Persons and entities*** that developed, designed, coded, planned, or otherwise contributed to the Accused Functionalities as implemented in each Accused Product, Related Product, and product identified in response to Interrogatory No. 1; for each Person or entity identified, describe the nature of the work or services performed, including relevant dates and time periods separately for each Action.
>
> **Interrogatory Number 3:** For each Accused Product, Related Product, and product identified in response to Interrogatory No. 1, identify all source code files, modules, projects, libraries, collections, compilations, specifications, design documents, repositories, or other technical information that reasonably show the Accused Functionalities as implemented in each, separately for each Action.

Netgear responded to Interrogatory No. 3, via FRCP 33(d) – promising to provide the information at some unspecified date in the future, but never did:

> Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR states that it will produce relevant, non-privileged business records and other documents from which the answers may be derived or ascertained in accordance with Fed. R. Civ. P. 33(d).

(*See* Annotated Ex. M.) Netgear's response is improper and made it difficult to understand whether Netgear has possession, custody and control of such information. Brazos previously complained to Netgear that its core technical documents produced pursuant to the Scheduling Order were not sufficient, including on February 10, 2022. (*See* Annotated Ex. D.) To date, despite repeated complaints about Netgear's core technical document production and written discovery responses, Netgear has failed to produce the requested information or identify third-

2

parties and chipsets in response to written discovery request[1]  Instead, Netgear continues to "investigate" information that was required in its core technical document production and should have been provided within the timeframe for responding to written discovery.

The Court should not allow Netgear to respond to discovery via FRCP 33(d) without providing appropriate responses and continue to avoid responding to highly relevant discovery. *See, e.g.*, FRCP 26; *Tessera Inc. v. Sony Elecs., Inc.,* No. 10-0838-RMB-KMW, 2012 U.S. Dist. LEXIS 180771, at *11 (D. Del. Aug. 6, 2012) ("the inherent purpose of discovery would be stymied by limiting all discovery requests to the infringement known by the patent holder during the early stages of litigation").

    **B.**  **Netgear's Failure to Designate Witnesses Pursuant to Brazos's 30(b)(6) Notice**

Brazos served its second 30(b)(6) notice (Ex. N) on Netgear on April 07, 2022 regarding Netgear's core technical documents, to determine where the documents are and whether Netgear has conducted a reasonable search and produced all such documents.  The deposition is critical to determine what information Netgear has regarding its own products.  To date, Netgear has not designated a witness for these topics.  This is improper.  Depositions on technical documents and source code are "standard fare in patent cases."  *See e.g.*, *Vasudevan Software, Inc. v. MicroStrategy, Inc.*, No. 11-06637 (N.D. Cal. Aug. 22, 2012) (Grewal, MJ.) (ECF No. 86) (ordering deponent to testify on the source code produced) (Ex. O); *Nomadix, Inc. v. Hewlett-Packard Co., et. al.*, No. 9-08441 (C.D. Cal. Jun. 21, 2011) (Kenton, MJ.) (ECF No. 395) (discussing, in a tentative decision, security measures in using source code at deposition, such as taking the deposition where the source code is located or where a secure laptop has been transported by a bonded carrier) (Ex. P), discussed in (C.D. Cal. Jun. 28, 2011) (Kenton, MJ.) (ECF No. 397) (Ex. Q).  Because of the lack of clarity regarding Netgear's productions and written discovery responses, this deposition is warranted and necessary to ensure Brazos understands the complete universe of the Netgear documents and obtain the information from Netgear witnesses that has not been forthcoming in core technical document production and responses to written discovery.  Accordingly, the Court should compel Netgear to designate a 30(b)(6) witness to testify regarding Netgear's core technical document production.

              Respectfully submitted,

              */s/ Peter A. Mazur*

              Peter Akawie Mazur (No. 6732)

Enclosures
cc:  Clerk of the Court (via CM/ECF, w/encls.)
   All Counsel of Record (via CM/ECF, w/encls.)

---

[1] At a meet and confer between the parties held today, Netgear agreed to supplement its responses to Interrogatories 1, 2, 3 and 6.  It remains unclear to Brazos whether the supplementation will satisfactorily address the deficiencies identified above.  The parties continue to discuss these issues, and Brazos will provide an update to the Court should it appear that any of the identified disputes has been overcome prior to the scheduled teleconference.