**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A | ) | |
| BRAZOS LICENSING AND | ) | |
| DEVELOPMENT, | ) | |
| | ) | C.A. No. 1:21-1117-MN-CJB |
| Plaintiff, | ) | C.A. No. 1:21-1119-MN-CJB |
| | ) | C.A. No. 1:21-1120-MN-CJB |
| v. | ) | |
| | ) | |
| NETGEAR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING
AND DEVELOPMENT'S FIRST SET OF INTERROGATORIES
TO DEFENDANT NETGEAR, INC.**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules

of the United States District Court for the District of Delaware ("Local Rules"), Plaintiff WSOU

Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff" or "WSOU") hereby

requests that Defendant Netgear, Inc. ("Netgear" or "Defendant") respond to the following

interrogatories (the "Interrogatories," and each an "Interrogatory") within thirty (30) days, in

writing, under oath, and in conformity with the Definitions and Instructions set forth below.

These Interrogatories are continuing in character so as to require Netgear to serve supplemental

responses whenever it obtains different or additional information relating to these Interrogatories

pursuant to Federal Rule of Civil Procedure 26(e).

The following definitions and instructions shall apply to all interrogatories herein:

## DEFINITIONS

Each Interrogatory in WSOU's First Set of Interrogatories is subject to and incorporates the following instructions:

1.      "The '096 Patent" shall mean United States Patent No. 7,512,096.

2.      "The '171 Patent" shall mean United States Patent No. 9,338,171.

3.      "The '630 Patent" shall mean United States Patent No. 7,551,630.

4.      "Actions" means the above-captioned lawsuits, *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. Netgear, Inc.*, C.A. No. 1:21-1117-MN-CJB, *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. Netgear, Inc.*, C.A. No. 1:21-1119-MN-CJB, and *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. Netgear, Inc.*, C.A. No. 1:21-1120-MN-CJB, pending in the United States District Court for the District of Delaware.

5.      "Accused Products" or "Accused Product" means and includes all past, current and future hardware and software products and services developed, made, used, offered for sale, sold, imported, and provided by Netgear that contain or makes use of the Accused Functionalities (defined below).  Accused Products include, but are not limited to, the products and services specifically identified in the Actions and WSOU's Identification of Accused Products and Asserted Patents served on September 1, 2021 in each of the Actions, as well as products and services that operate substantially similar to the products and services specifically identified in the Actions.  *See O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1363 (Fed.Cir.2006); *Honeywell Int'l, Inc. v. Acer Am. Corp.*, 655 F.Supp.2d 650, 655-656 (E.D.Tex.2009); *Nidec Corp. v. LG Innotek Co., Ltd.*, No. 6:07-CV-108, 2009 WL 3673253, at *2 (E.D.Tex. Sept. 2, 2009).  Accused Products include, but are not limited to:

a. In connection with the '096 Patent:  Netgear devices implementing MU-MIMO (including but not limited to Netgear Wireless Access Points, Netgear WiFi Routers, Netgear WiFi Mesh Systems, Netgear Whole Home Mesh WiFi, Netgear Cable Modem Routers, Netgear 4G WiFi Routers)

 i. Including but not limited to the following Netgear Wireless Access Points:

- Premium Wireless (WAC740) 802.11ac 4x4 Wave 2 Wireless Access Point

- Premium Wireless (WAC740) 802.11ac 4x4 Wave 2 Wireless Access Point

- Cloud Managed WiFi (WAC510) AC1300 Dual Band PoE Insight Managed Smart Cloud Wireless Access Point

- Cloud Managed WiFi 6 (WAX610)AX1800 Dual Band PoE Multi-Gig Insight Managed WiFi 6 Access Point

 ii. Including but not limited to the following WiFi Mesh Systems:

- Orbi Pro WiFi 6 (SXK80) AX6000 Tri-Band Orbi Pro WiFi 6 WiFi System

- AX6000 WiFi Mesh Router (SXR80) Tri-Band Orbi Pro WiFi 6 AX6000 WiFi Router (SXR80)

- Orbi Pro WiFi 5 (SRK60) AC3000 Tri-Band Orbi Pro Business WiFi System

- AX1800 WiFi Mesh System (SXK30) Orbi Pro WiFi 6 Mini AX1800 Mesh System (SXK30)

 iii. Including but not limited to the following Whole Home Mesh Wifi:

- AX6000 WiFi Mesh System (RBK853)

- AX4200 WiFi Mesh System (RBK753)

- Dual-band AX1800 2-Pack (MK62) Nighthawk Dual-Band WiFi 6 Mesh System

 iv. Including but not limited to the following Netgear WiFi Routers:

- AX6000 WiFi Router (RAX120)

- AX11000 WiFi Router (RAX200)

- AX6000 WiFi Router (RAX80)

- AC1600 WiFi Router (R6330)

- AC2000 WiFi Router (R6850)

 v. Including but not limited to the following Netgear Cable Modem Routers:

- AX6000 WiFi Cable Modem Router (CAX80)

- AX4200 WiFi Cable Modem Router (CBR750)

      vi.     Including but not limited to the following Netgear 4G WiFi Routers

        ▪   AC2200 LTE Mesh Router (LBR20)

b.  In connection with the '171 Patent:  Netgear Access points (including but not limited to WAC505, WAC510, WAC720, WAC730).

c.  In connection with the '630 Patent:  Netgear stackable Gigabit Ethernet switches (including but not limited to M5300, M6100, M7100 series).

6.      "Accused Functionalities" means the technologies described in the claims of the Patents-in-Suit, in the claim charts attached to the complaint in the Actions, and as described in Plaintiff's Infringement contentions.

7.      "Affirmative Defenses" means and includes each defense asserted by Netgear relating to WSOU's claims against Netgear in any of the Actions.

8.      "Communication" means any form of oral or written interchange or attempted interchange, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including but not limited to any note, memorandum, letter, correspondence or other document, electronic mail message, telephone call, and/or conversation, discussion, meeting and/or other record thereof, or a single person seeing or hearing any information by any means.

9.      "Concern," "Concerning," "Relate," "Related" or "Relating" shall mean in connection with, referring to, regarding, referencing, reflecting, describing, discussing, evidencing, supporting, indicating, containing, stating, mentioning, embodying, pertaining to, setting forth, commenting on, assessing, recording, constituting, comprising, touching upon, summarizing or having any logical or factual connection whatsoever to the subject matter in question.

10.      "Date" means the exact day, month, and year if so ascertainable, or if not, the best approximation (including relationship to seasons and other events).

11.     "Describe," when used with reference to a technology, means to (a) describe it with specificity; (b) identify all uses You have made, are making, or plan to make of it; (c) describe each system, service, method, or apparatus (including any research or engineering project) developed, made, used, imported, sold, or offered to sell in the United States by You, or that You intend to develop, make, use, import, sell, or offer for sale in the United States, that uses it; and (d) identify all internal or commercial names or designations.

12.     "Document" or "Documents" means the original and each non-identical copy of any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, whether final or draft, including but not limited to all materials and things that constitute "writings," "recordings," or "photographs" within the meaning of Rule 1001 of the Federal Rules of Evidence or "documents" within the meaning of Rule 34 of the Federal Rules of Civil Procedure.  The terms "Document" or "Documents" include without limitation, electronically stored information, electronic mail, or e-mail, intra, or inter-office communications (as defined herein), transcripts, judicial pleadings, petitions, motions, declarations, affidavits, electronic, magnetic, optical, or magneto-optical records, computer data, however stored, including data stored on or in diskettes or cartridges and disk drives, data cards, data processing files and other computer-readable records or programs, object code, source code, microcode, or anything similar to any of the foregoing, however denominated by the responding party.  Any Document bearing any marks, including without limitation initials, stamped indicia, comments, highlighting, marginalia, or other notations not a part of the original text or reproduction thereof, is a separate Document that is also included in each interrogatory.

13.     "Identify" shall be construed as follows:

a.      "Identify" a communication, record, document, thing, source of

information or other requested item means to list, to the extent known, the following information:

       i.       the source(s) or author(s) of the requested item;

      ii.      the recipient(s) of the requested item;

    iii.      the date of the requested item;

    iv.      where the requested item is located;

     v.      whether the requested item was made, sent, recorded or maintained in the ordinary course of business; and

    vi.      the substance of any information contained in the requested item.

    b.      "Identify" a fact means to state, to the extent known, the following information: a specific explanation, description, or narrative of the fact including all information relevant thereto; and all persons, communications, and documents relating to that fact.

    c.      "Identify" a person means to list, to the extent known, the following information:

       i.       name;

      ii.      title and position (if a natural person);

    iii.      last known business address;

    iv.      last known home address, if applicable; and

     v.      if the person identified is not a natural person, the name and address of the natural person employed by or otherwise associated with the identified person whom You believe has the most knowledge regarding the subject matter of the Interrogatory.

14.      "Infringe" or any variant thereof, including but not limited to "infringing" and "infringement," refers to any infringement under 35 U.S.C. § 271, whether direct, indirect, by equivalents, contributory, by inducement, literal, or by the doctrine of equivalents.

15.      "Patents-in-Suit" shall refer collectively to the '096 Patent, '171 Patent, '630 Patent.

16.      "Person" is defined as any natural person or business, legal or governmental entity, or association.

17.      "Product" and "products" shall be construed broadly, and shall mean any hardware product, software product, service, device, apparatus, component, or other

instrumentality so as to bring within the scope of each interrogatory all responses that otherwise could be construed to be outside of its scope.

18.     "Related Patents" or "Related Patent Applications" means:  (a) any patents or patent applications in the chain of patents and patent applications that led to the issuance of each of the Patents-in-Suit; (b) any continuation, continuation-in-part, or division of any such applications, whether or not such continuation, continuation-in-part, or division has been abandoned or is currently pending; (c) any reexaminations, reissue applications, or applications by or through which each of the Patents-in-Suit claims priority; (d) any patents or applications that are referenced in or incorporated by reference into each of the Patents-in-Suit; or (e) any patents or applications claiming priority to (a), (b), or (c) above, including without limitation foreign counterparts.

19.     "WSOU" or "Plaintiff" means and includes WSOU Investments, LLC d/b/a Brazos Licensing and Development and its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

20.     "Netgear," "Defendant," "You," or "Your" means and includes Netgear and any other person, including any director, officer, shareholder, trustee, employee, partner, principal, manager, staff member, administrator, accountant, consultant, custodian, representative, advisor, attorney or agent, acting on behalf of, for the benefit of, or at the direction or request of Netgear, and its predecessors, successors, assigns, and affiliates.

21.     The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary so as to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of its scope.

22.     The terms "any," "all," and "each" shall be construed broadly, and shall mean

any, all, and each as necessary so as to bring within the scope of the Interrogatory all responses

that otherwise could be construed to be outside of its scope.

23.     The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

Each Interrogatory in WSOU's First Set of Interrogatories is subject to and incorporates

the following instructions:

1.      These Interrogatories are to be read and interpreted in accordance with the Federal

Rules of Civil Procedure, the Local Rules, and the Instructions and Definitions set forth herein.

2.      Each Interrogatory shall be answered separately and fully, unless it is objected to,

in which event the reasons for the objections should be specifically and separately stated.  Should

Netgear claim that any particular Interrogatory is beyond the scope of permissible discovery,

specify in detail each and every ground on which such claim rests.  If Netgear finds any portion

of any Interrogatory or any term used in an Interrogatory to be vague, ambiguous, subject to

varying interpretations, or unclear, state what portion of the Interrogatory or term Netgear finds

to be vague, ambiguous, subject to varying interpretations, or unclear, state Netgear's

understanding of the Interrogatory or term, and respond in accordance with that understanding.

3.      If Netgear withholds or redacts any responsive information based on a claim of

privilege or any other claim of immunity from discovery, then for each item of information,

document, or communication withheld, state the applicable claim (*e.g*., "attorney-client

privilege," "work product doctrine," etc.) and provide the facts allegedly giving rise to the claim

of privilege or other immunity with sufficient detail to enable WSOU to assess, and the Court to

adjudicate, the applicability of the privilege or protection as required by Federal Rule of Civil

Procedure 26(b)(5), including without limitation, identifying the date of the information,

document, or communication, its author, and all recipients (including copy and blind copy recipients) of the information, document, or communication, and the general subject matter of the information, document, or communication withheld.

4.     If Netgear responds to any of the following Interrogatories as authorized by Fed. R. Civ. P. 33(d), for each such Interrogatory and subpart thereof, specify the production numbers (*i.e.*, Bates numbers) of the specific document or group of documents accompanying Netgear's response.

5.     Answers to these Interrogatories shall set out each Interrogatory in full before each answer.  Separate answers shall be given in response to each Interrogatory.

6.     All documents requested are to be produced separately for each Action.

7.     If any interrogatory cannot be answered in full, it should be answered to the fullest extent possible with an explanation as to why a complete answer is not provided.

8.     All interrogatories are for discovery purposes only and are not to be construed as limiting or reflecting WSOU's positions in this case, and do not waive WSOU's rights and objections.

## **<u>INTERROGATORIES</u>**

### **<u>INTERROGATORY NO. 1:</u>**

Identify, by product name, part number, internal name, internal model number, external model number, and any other designation, all products and services that Plaintiff alleges performs or enables any aspect of the Accused Functionalities, including but not limited to the Accused Products and products or services that operate  in a reasonably similar manner, separately for each Action.

**INTERROGATORY NO. 2:**

For each Accused Product, Related Product, and product identified in response to Interrogatory No. 1, identify all Persons and entities that developed, designed, coded, planned, or otherwise contributed to the Accused Functionalities as implemented in each Accused Product, Related Product, and product identified in response to Interrogatory No. 1; for each Person or entity identified, describe the nature of the work or services performed, including relevant dates and time periods separately for each Action.

**INTERROGATORY NO. 3:**

For each Accused Product, Related Product, and product identified in response to Interrogatory No. 1, identify all source code files, modules, projects, libraries, collections, compilations, specifications, design documents, repositories, or other technical information that reasonably show the Accused Functionalities as implemented in each, separately for each Action.

**INTERROGATORY NO. 4:**

Separately, for each product identified in response to Interrogatory No. 1,  state Your actual or projected U.S. monthly (or quarterly if monthly does not exist, or annual if neither monthly nor quarterly exist) sales volume, gross revenue, average revenue, operating revenue, net revenue, gross profit, operating profit, net profit, profit margin, the country/countries in which the sale was made, and costs (including costs of sales) generated six years before the filing of the lawsuit through the expiration of the Patent-in-Suit.

**INTERROGATORY NO. 5:**

Separately, for each product identified in response to Interrogatory No. 1, identify the earliest date each was developed, and the date each was (1) sold, (2) offered for sale, or (3) otherwise made available to any customers and/or consumers by You.

**INTERROGATORY NO. 6:**

For each asserted claim that You contend is not infringed, set forth in detail (per claim element basis and per Accused Product basis) the factual and legal basis for Your contention of non-infringement.

**INTERROGATORY NO. 7:**

For each of the Patents-in-Suit, describe in detail the facts and circumstances regarding Your first awareness of each of the Patents-in-Suit, Related Patents, and Related Patent Applications, including when You first became aware of each of the Patents-in-Suit, how You first became aware of each of the Patents-in-Suit, the identity of the individual(s) who first became aware of each of the Patents-in-Suit, the actions, if any, taken by You after becoming aware of each of the Patents-in-Suit, and an identification of all documents showing or reflecting awareness of each of the Patents-in-Suit.

**INTERROGATORY NO. 8:**

To the extent You contend that acceptable non-infringing alternatives exist for the subject matter claimed by each of the Patents-in-Suit, identify and describe in detail each alleged non-infringing alternative that You contend can be used as an alternative, including but not limited to: (1) a description of each alleged non-infringing alternative; (2) a description of when and how each alleged non-infringing alternative was developed; (3) the identity of individuals involved in developing and/or most knowledgeable about each alleged non-infringing alternative (if applicable); (4) the dates when each alleged non-infringing alternative was incorporated in any Accused Product; (5) the costs associated with developing and implementing each alleged non-infringing alternative; (6) the steps and the time required to develop and implement each alleged non-infringing alternative; (7) a detailed explanation of how each identified alternative is not

infringing; and (8) a detailed explanation of how each identified alternative is technically and

commercially acceptable, separately for each Action.

## INTERROGATORY NO. 9:

Set forth all factual and legal bases for Your Affirmative Defenses.


Dated:  November 29, 2021

OF COUNSEL:

Jonathan K. Waldrop
Darcy L. Jones
Marcus A. Barber
ThucMinh Nguyen
John W. Downing
Heather S. Kim
Jack Shaw
KASOWITZ BENSON TORRES LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 94065
(650) 453-5170

Shelley Ivan
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
(212) 506-1700

Paul G. Williams
KASOWITZ BENSON TORRES LLP
1230 Peachtree Street, N.E., Suite 2445
Atlanta, GA 30309
(404) 260-6080

Respectfully submitted,

DEVLIN LAW FIRM LLC

By:  */s/ James Michael Lennon*

James Michael Lennon (No. 4570)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
jlennon@devlinlawfirm.com

*Attorneys for WSOU Investments, LLC d/b/a
Brazos Licensing and Development*

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2021, I have served a copy the above document via email on the counsel for Defendant.

/s/ Jonathan K. Waldrop
Jonathan K. Waldrop