**EXHIBIT F**

| | |
|---|---|
| **From:** | Aly, Amr O. <AAly@jenner.com> on behalf of Aly, Amr O. <AAly@jenner.com> |
| **Sent:** | Wednesday, April 20, 2022 2:50 AM |
| **To:** | John Downing <JDowning@kasowitz.com> |
| **Cc:** | Noah P. Dorman <NDorman@kasowitz.com>; Brazos v. NetGear (KASOWITZ) <WSOUvNetGear@kasowitz.com>; Jim Lennon <jlennon@devlinlawfirm.com>; Peter Mazur <PMazur@devlinlawfirm.com>; DLF-Lit Paras <dlflitparas@devlinlawfirm.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Ying, Jennifer <jying@morrisnichols.com>; Esat, Yusuf <YEsat@jenner.com>; Denti, Mitchell L. <MDenti@jenner.com>; Schoedel, Lisa M. <LSchoedel@jenner.com>; Nelson, David A. <DNelson@jenner.com> |
| **Bcc:** | acooper@kasowitz.com; bguignard@kasowitz.com; cjia@kasowitz.com; cnaggar@kasowitz.com; djones@kasowitz.com; dsaxon@kasowitz.com; hkim@kasowitz.com; hstern@kasowitz.com; jwaldrop@kasowitz.com; jwhitehill@kasowitz.com; ldartevelle@kasowitz.com; mbarber@kasowitz.com; mhulbert@kasowitz.com; mmartin@kasowitz.com; nwashington@kasowitz.com; pmiller@kasowitz.com; pwilliams@kasowitz.com; sivan@kasowitz.com; swolfe@kasowitz.com; tnguyen@kasowitz.com |
| **Subject:** | Re: WSOU v. Netgear |

Thanks, John. We'll wait to get proposed times from your side. To be efficient with scheduling, you should also provide your availability on Thursday.

Amr O. Aly
C 347-302-3128
Sent from my iPhone

> On Apr 20, 2022, at 12:45 AM, John Downing <JDowning@kasowitz.com> wrote:
>
> **External Email – Do Not Click** Links or Attachments Unless You Know They Are Safe
>
> Amr,
>
> We are willing to meet and confer. I am generally free tomorrow, but will defer to our local counsel's availability. We respectfully disagree that Netgear has produced adequate core technical documents. We have expended a lot of time and resources addressing the issue and feel that the next logical step is to depose your clients regarding the core technical production and why Netgear feels that the core technical documents adequately show how the accused products operate.
>
> Regards,
>
> John
>
> **From:** Aly, Amr O. [mailto:AAly@jenner.com]
> **Sent:** Tuesday, April 19, 2022 11:13 AM
> **To:** John Downing <JDowning@kasowitz.com>; Noah P. Dorman <NDorman@kasowitz.com>; Brazos v. NetGear (KASOWITZ) <WSOUvNetGear@kasowitz.com>; Jim Lennon <jlennon@devlinlawfirm.com>; Peter Mazur <PMazur@devlinlawfirm.com>; DLF-Lit Paras <dlflitparas@devlinlawfirm.com>
> **Cc:** Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Ying, Jennifer <jying@morrisnichols.com>; Esat, Yusuf <YEsat@jenner.com>; Denti, Mitchell L. <MDenti@jenner.com>; Schoedel, Lisa M. <LSchoedel@jenner.com>; Nelson, David A. <DNelson@jenner.com>
> **Subject:** RE: WSOU v. Netgear

Hi John,

As I provided in my April 15, 2022 email to Noah, NETGEAR is not able to provide a witness for WSOU's noticed date of April 27, 2022.  NETGEAR provided WSOU with objections to both of its Rule 30(b)(6) notices, which the parties have never discussed.  Per paragraph 8(g)(ii) of the Scheduling Order, a meet and confer is required as part of the discovery dispute procedures.  Is WSOU refusing to meet and confer with NETGEAR to discuss its objections to WSOU's deposition notices?

Furthermore, we strongly disagree with your accusation that NETGEAR has not made a reasonable core technical document production.  In the most recent meet and confer between the parties, we made an effort to discuss with WSOU any remaining issues it had with NETGEAR's productions to date.  Although the March 14, 2022 call was cut short due to the emergency fire alarm, you emailed us the next day with questions regarding NETGEAR's core technical document production (*see* March 15, 2022 email from J. Downing), and we provided a detailed response that same day.  See March 15, 2022 email from L. Schoedel.  We did not receive a response from WSOU to that March 15, 2022 correspondence.

Instead, three weeks later, on April 5, 2022, WSOU emailed NETGEAR stating that there were deficiencies in NETGEAR's production. (Email from Noah Dorman dated April 5, 2022.)  As WSOU's descriptions regarding the alleged deficiencies were unclear, NETGEAR responded the next day with the results of its initial investigation, questions regarding WSOU's concerns, and a promise to continue its investigation upon receipt of further information. (Email from Lisa Schoedel dated April 6, 2022.)  The next day, on April 7, 2022, WSOU served its second notice of deposition mis-dated April 4, 2022 with four new topics regarding NETGEAR's core technical document production.  To date, WSOU still has not responded to NETGEAR's April 6, 2022 email requesting additional information so it could investigate the problems WSOU is allegedly encountering.  Accordingly, NETGEAR does not believe there is a discovery dispute ripe for the Court's attention.  NETGEAR has consistently and promptly responded to all of WSOU's concerns and is willing to continue cooperating with WSOU to resolve any alleged deficiencies in NETGEAR's productions.  But NETGEAR cannot do that unless WSOU identifies with particularity the alleged deficiencies and responds to NETGEAR's follow up questions.

Your April 15 email suggests that WSOU intends to move to compel NETGEAR to produce a witness regarding certain deposition topics relating to NETGEAR's core technical document production (Topics 41-44).  We do not believe it is appropriate for WSOU to demand a witness on certain deposition topics without first identifying with particularity what the alleged deficiencies are, and providing a response to NETGEAR's outstanding questions.  ==To the extent WSOU intends to move forward with deposing a NETGEAR witness on the other topics in its April 7, 2022 deposition notice, we note that your timing is premature as it is still early in discovery.==  Nevertheless, if WSOU insists on such a witness now, NETGEAR will only present a witness once for deposition and thus WSOU will not be able to depose a NETGEAR witness again on the same topics/information later during discovery.

==If WSOU wishes to move the Court to compel the production of more core technical documents, please identify what documents WSOU will request.  Please note, however, core technical document production has the "purpose of enabling the initial infringement contentions."  *Cirba Inc. v. VMware, Inc.*, No. 19-742-LPS, 2021 WL 7209447, at *6 (D. Del. December 14, 2021).  WSOU's deadline for initial infringement contentions was February 17, 2022.  WSOU did not use *any* of the evidence NETGEAR produced on January 13, 2022 (2869 documents totaling 54,114 pages) or the 1277 replacement native files produced February 10-11, 2022 after WSOU notified NETGEAR of a production problem on February 8, 2022.==

NETGEAR remains willing to meet and confer with WSOU, but we need to know what the specific issues are that WSOU intends to raise with the Court.  Please identify those issues with particularity and we will provide our availability for a meet and confer.

Regards,
Amr.

---

**From:** John Downing <JDowning@kasowitz.com>
**Sent:** Friday, April 15, 2022 4:05 PM
**To:** Aly, Amr O. <AAly@jenner.com>; Noah P. Dorman <NDorman@kasowitz.com>; WSOU v. NetGear (KASOWITZ) <WSOUvNetGear@kasowitz.com>; Jim Lennon <jlennon@devlinlawfirm.com>; Peter Mazur

<PMazur@devlinlawfirm.com>; DLF-Lit Paras <dlflitparas@devlinlawfirm.com>
**Cc:** Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Ying, Jennifer <jying@morrisnichols.com>; Esat, Yusuf <YEsat@jenner.com>; Denti, Mitchell L. <MDenti@jenner.com>; Schoedel, Lisa M. <LSchoedel@jenner.com>; Nelson, David A. <DNelson@jenner.com>
**Subject:** RE: WSOU v. Netgear

**External Email – Do Not Click** Links or Attachments Unless You Know They Are Safe

Hi Amr,

Thank you for your email. We intend to depose Netgear on the date noticed. If Netgear has an alternative time close to that date, please let us know. We do not believe that Netgear has made a reasonable core technical document production and need to get to the bottom of the issue.

John

John Downing
Kasowitz Benson Torres LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 94065
Tel.  (650) 453-5426
Fax.  (650) 362-9430
JDowning@kasowitz.com

**From:** Aly, Amr O. [mailto:AAly@jenner.com]
**Sent:** Friday, April 15, 2022 12:59 PM
**To:** Noah P. Dorman <NDorman@kasowitz.com>; John Downing <JDowning@kasowitz.com>; WSOU v. NetGear (KASOWITZ) <WSOUvNetGear@kasowitz.com>; Jim Lennon <jlennon@devlinlawfirm.com>; Peter Mazur <PMazur@devlinlawfirm.com>; DLF-Lit Paras <dlflitparas@devlinlawfirm.com>
**Cc:** Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Ying, Jennifer <jying@morrisnichols.com>; Esat, Yusuf <YEsat@jenner.com>; Denti, Mitchell L. <MDenti@jenner.com>; Schoedel, Lisa M. <LSchoedel@jenner.com>; Nelson, David A. <DNelson@jenner.com>
**Subject:** RE: WSOU v. Netgear

**ALERT: THIS IS AN EXTERNAL EMAIL. DO NOT CLICK ON ANY LINK, ENTER A PASSWORD, OR OPEN AN ATTACHMENT UNLESS YOU KNOW THAT THE MESSAGE CAME FROM A SAFE EMAIL ADDRESS.**

Noah,

NETGEAR is not able to provide a witness for WSOU's noticed date of April 27, 2022. Before scheduling the deposition, we suggest the parties meet and confer to discuss the scope of WSOU's second notice of deposition. In particular, the four new topics, Topic Nos. 41-44, are overly broad and unduly burdensome. Also, in response to your April 5, 2022 email, NETGEAR will be producing additional technical documents next week.

Please let us know when you are available for a meet and confer.

Regards,
Amr

**From:** Noah P. Dorman <NDorman@kasowitz.com>
**Sent:** Thursday, April 7, 2022 7:03 PM

**To:** Schoedel, Lisa M. <LSchoedel@jenner.com>; John Downing <JDowning@kasowitz.com>; Nelson, David A. <DNelson@jenner.com>
**Cc:** WSOU v. NetGear (KASOWITZ) <WSOUvNetGear@kasowitz.com>; Jim Lennon <jlennon@devlinlawfirm.com>; DLF-Lit Paras <dlflitparas@devlinlawfirm.com>; Peter Mazur <PMazur@devlinlawfirm.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Ying, Jennifer <jying@morrisnichols.com>; Aly, Amr O. <AAly@jenner.com>; Esat, Yusuf <YEsat@jenner.com>; Denti, Mitchell L. <MDenti@jenner.com>
**Subject:** WSOU v. Netgear

**External Email – Do Not Click** Links or Attachments Unless You Know They Are Safe

Counsel,

Please see attached.

Regards,

Noah

Noah P. Dorman
Admitted Only in DC
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
Tel.  (212) 542-4742
Fax. (212) 500-3562
NDorman@kasowitz.com

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.

---

**Amr O. Aly**

**Jenner & Block LLP**
1155 Avenue of the Americas, New York, NY 10036-2711  |  jenner.com
+1 212 407 1774 | TEL
+1 347 302 3128 | MOBILE
Pronouns: He / Him
AAly@jenner.com
Download V-Card  |  View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.