**EXHIBIT H**

# KASOWITZ BENSON TORRES LLP

333 TWIN DOLPHIN DRIVE, SUITE 200
REDWOOD SHORES, CALIFORNIA 94065
(650) 453-5170
FAX: (650) 453-5171

JONATHAN K. WALDROP
DIRECT DIAL: (650) 453-5425
DIRECT FAX: (650) 362-2445
jwaldrop@kasowitz.com

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEW YORK
NEWARK
SAN FRANCISCO
WASHINGTON DC

May 3, 2022

**VIA EMAIL**

Amr O. Aly
Jenner & Block LLP
919 Third Avenue
New York, NY  10022-3908
Email: AAly@jenner.com

   Re: *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. NETGEAR, Inc.*, No. 21-1119-MN-CJB (D. Del.)

Dear Amr:

  We write regarding Netgear's production of core technical documents, responses to discovery requests, and to respond to the issues raised in your September 16, 2021 letter ("Letter") concerning Brazos's assertion of the '171 patent against Netgear.  The accusations in your Letter about Brazos's July 30, 2021 Complaint (D.I. 1) are not persuasive.  Moreover, Netgear has not produced complete core technical documents.  Brazos, therefore respectfully disagrees with the contents of the Letter and further requests that Netgear conduct a reasonable search and produce core technical documents and produce relevant discovery, including source code, that reasonably shows how the accused products operate.  Brazos requests that Netgear complete the production and responses by May 13.

**I.**  **Technical Document Deficiencies**

  The Court's November 1, 2021 Scheduling Order required Netgear to produce core technical documents related to the accused products by January 6, 2022.  (D.I. 20 at 3-4.)  Independent of this obligation, on November 29, 2021, Brazos served its First Set of Requests for Production of Documents on Netgear.  For example, Request for Production No. 4 sought "[a]ll documents, including Hardware Specifications and ***source code***, sufficient to fully describe the functionality, operation, design, architecture, topology, and deployment of the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1, separately for


Kasowitz Benson Torres LLP

Amr O. Aly
May 3, 2022
Page 2

each Action." On December 29, 2021, Netgear served responses to Request for Production No. 4 confirming that it would produce documents responsive to the Request. Moreover, Netgear's Interrogatory No. 3 requested the identification of source code modules related to the accused functionalities. Netgear responded to Interrogatory No. 3 citing FRCP 33(d) and indicating that Netgear would produce information responsive to the request at some unspecified time in the future. These responses are not sufficient. The parties met and conferred most recently on April 21, 2022, where Netgear identified a Facebook API document (Netgear-15575) as the core technical document for the '171 patent. But Netgear claimed at the meet and confer that it would have to determine whether Netgear has source code that interfaces and communicated with Facebook servers and the Facebook API (*i.e.* Netgear had not looked into whether there was source code that interfaces and communicates with the Facebook API and purported Facebook servers). Netgear agreed to look into the source code issue, but the time for looking into and producing source code has long passed. Netgear must perform a reasonable search and produce source code or identify third party chips that contain the information without delay. Brazos requests that Netgear provide the information no later than Friday, May 6, 2022, or provide a reasonable time frame for providing such information.

**II.      Response to September 16, 2021 Letter**

    **A.      Infringement**

Based on Brazos's current understanding and belief, all of Brazos's factual allegations regarding infringement have evidentiary support which will be further supplemented through the course of discovery. Indeed, Brazos's Amended Complaint includes factual allegations explaining how the accused products infringe the '171 patent, and cites to and incorporates by reference a detailed claim chart that shows how exemplary accused products practice each element of the asserted claims. *See* D.I. 24 at ¶¶ 22-35, Exhibit 2. Since this time, Brazos has served additional infringement contentions. Notably, your Letter does not assert that the claims of the '171 patent are not being practiced. Instead, your Letter asserts that "Facebook, not NETGEAR, performs" the accused functionality, including the "processing of social networking information" and "controlling of access" claim limitations. Letter at 1-2. But these issues are best explored through discovery, and as explained above, we do not believe that Netgear has produced relevant core documents to support its non-infringement position and Netgear has not sufficiently responded to written discovery regarding the same. Netgear must produce core technical documents, including source code, as part of the Court's procedures and in response to discovery requests.

    **B.      Alleged Invalidity**

WSOU's patents are "presumed valid," and NETGEAR therefore bears a heavy burden of establishing invalidity by clear and convincing evidence. 35 U.S.C. § 282(a); *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 102-110 (2011). Netgear cannot satisfy that burden.

# Kasowitz Benson Torres LLP

Amr O. Aly
May 3, 2022
Page 3

      1.      35 U.S.C. § 101

Your Letter contends that the asserted claims of the '171 patent are invalid under 35 U.S.C. § 101. *See* Letter at 3. The parties have already fully briefed the alleged § 101 issues in connection with Netgear's pending motion to dismiss (D.I. 32). Accordingly, Brazos directs Netgear to the December 30, 2021 opposition brief (D.I. 45) and accompanying submission (D.I. 46).

      2.      35 U.S.C. §§ 102 AND 103

The Letter contends that claim 1 of the '171 patent is anticipated by U.S. Patent Publication No. 2012/0110643 ("the '643 Publication"), an alleged § 102(e) prior art reference. *See* Letter at 3-6. We disagree. Putting aside for purposes of this letter the question of whether the '643 Publication can be antedated and thereby disqualified as prior art, the '643 Publication is not anticipatory because, by way of example only, it does not disclose at least "processing of social networking information … to determine one or more social networking groups," as required in claim element 1.b. Moreover, the Letter does not assert a basis for contending that any of the other claims of the '171 patent are anticipated.

Although your Letter asserts that the '171 patent is also invalid under 35 U.S.C. § 103, your Letter (a) does not identify any combination of prior art references that renders the claims obvious, (b) does not allege any motivation to combine or reasonable expectation of success, and (c) does not otherwise explain how any of the claims of the '171 patent would have been obvious over the prior art. Your assertion of obviousness is unfounded.

      3.      35 U.S.C. § 112

Your Letter further contends that claim 1 of the '171 patent is indefinite because it purportedly "includes both apparatus limitations (one or more resources) and method limitations (processing and controlling)." Letter at 6. We disagree with your position.

Claim 1 is drawn to a method, not an apparatus. Contrary to your assertion, the recitation of "one or more resources" does not convert the claim into a mixed method-apparatus claim. Rather, the claimed method steps of "facilitating a processing of and/or processing" data/information/signal(s) need to be "based, at least in part, on … "[i] one or more resources …; [ii] a <u>processing</u> of social networking information …; and [iii] a <u>controlling</u> of access …" Furthermore, the "processing and controlling" elements you seem to be pointing to (elements ii and iii, above) are not method step limitations, as you contend, but rather are two of the factors upon which the claimed method steps of "facilitating a processing of and/or processing" must be "based, at least in part."

Your reliance on the *IPXL Holdings* case is misplaced. There, claim 25 was drawn to "a system," but also required a method step whereby a "user uses the input means to either change the predicted transaction information or accept the displayed transaction type and transaction

KASOWITZ  BENSON  TORRES LLP

Amr O. Aly
May 3, 2022
Page 4

parameters." *IPXL Holdings L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005) Based on this peculiar case, "it [wa]s unclear whether infringement of claim 25 occurs when one creates a system that allows the user to change the predicted transaction information or accept the displayed transaction, or whether infringement occurs when the user actually uses the input means to change transaction information or uses the input means to accept a displayed transaction." *Id*. No such issue arises in this case.

### C. Alleged Unenforceability

Your Letter further asserts that the '171 patent is unenforceable based on purported inequitable conduct during prosecution. Your Letter, however, fails to show that inequitable conduct occurred during the prosecution of the application for the '171 patent, nor did any such inequitable conduct occur.

"To prevail on the defense of inequitable conduct, the accused infringer must prove that the applicant misrepresented or omitted material information with the specific intent to deceive the PTO." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1287 (Fed. Cir. 2011) (*en banc*). "The accused infringer must prove both elements—intent and materiality—by clear and convincing evidence." As to materiality, "[g]enerally, inequitable conduct requires a showing that undisclosed prior art was but-for material to the PTO's decision of patentability." *Cal. Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 991 (Fed. Cir. 2022) (citing *Therasense*, 649 F.3d at 1291). "Prior art is but-for material if the PTO would have denied a claim had it known of the undisclosed prior art." *Id*. "Prior art is not but-for material if it is merely cumulative." *Id*.

Netgear has not shown at all specific deceptive intent and but-for materiality, nor can it do so by clear and convincing evidence. The inequitable conduct accusations in your Letter are based on the purported non-disclosure of U.S. Patent Application No. 13/240,310 ("the '310 application") or its publication (U.S. Patent Publication No. 2013/0080520). The '171 patent's prosecution history confirms that the '130 application was not but-for material. In that regard, the prosecution history shows, for example, that the Examiner conducted searches for all applications on which "Kiukkonen" was identified as an inventor, and the Examiner's search results included the '310 application and its publication:

# KASOWITZ BENSON TORRES LLP

Amr O. Aly
May 3, 2022
Page 5

### '171 Patent Prosecution History,
### Aug. 31, 2015 Examiner's Search Strategy and Results

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| | | **** | | | | |
| S29 | 55 | (Kiukkonen).in. | US-PGPUB; USPAT; USOCR | AND | ON | 2015/01/29 17:08 |

### '171 Patent Prosecution History,
### Jan. 6, 2016 Examiner's Search Strategy and Results

**Inventor Name Search Result**

Your Search was:

Last Name = KIUKKONEN
First Name = NIKO

| Application# | Patent# | PG Pub# | Status | Date Filed | Title | Examiner Name | Inventor Name |
|---|---|---|---|---|---|---|---|
| | | | | * * * * | | | |
| 13240310 | Not Issued | 20130080520 | 61 | 09/22/2011 | METHOD AND APPARATUS FOR PROVISIONING RESOURCE CREDENTIALS BASED ON SOCIAL NETWORKING DATA | ABU ROUMI,MAHRAN | KIUKKONEN, NIKO TAPANI |

Thus, notwithstanding the Examiner's awareness of the '310 application, the Examiner did not reject any claims of the application for the '171 patent based on the '310 application.

Furthermore, while your Letter identifies people who purportedly had duties to disclose material information to the USPTO, your Letter fails to allege any deceptive intent by anyone having such a duty. Given that the '130 application at least is not material to the '171 patent or the patentability of such patent, there was no specific intent to deceive the USPTO by not disclosing it.

* * * *

Case 1:21-cv-01117-MN-CJB   Document 47-8   Filed 06/02/22   Page 7 of 7 PageID #: 976

# KASOWITZ BENSON TORRES LLP

Amr O. Aly
May 3, 2022
Page 6

      For these reasons, we disagree with the arguments in your Letter. We respectfully request that Netgear comply with its discovery obligations and produce responsive technical information without further delay.

                                         Sincerely,

                                         Jonathan K. Waldrop