**EXHIBIT L**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A | ) | |
| BRAZOS LICENSING AND | ) | |
| DEVELOPMENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 1;21-1117-MN-CJB |
| v. | ) | C.A. No. 1:21-1119-MN-CJB |
| | ) | C.A. No. 1:21-1120-MN-CJB |
| NETGEAR, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**NETGEAR, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR THE PRODUCTION OF DOCUMENTS (NOS. 1-36)**

Pursuant to Federal Rule of Civil Procedure 34 and the rules and orders of this Court,

Defendant Netgear, Inc. ("NETGEAR") hereby provides its responses and objections as set forth

below to Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development's

("WSOU") First Set of Requests for Production of Documents dated November 29, 2021.

NETGEAR's investigation concerning the matters raised by WSOU's Requests is continuing, and,

pursuant to Federal Rule of Civil Procedure 26(e), NETGEAR expressly reserves the right to

amend and supplement these responses and its production of documents if it learns of additional

responsive information not previously provided to WSOU.

**GENERAL OBJECTIONS**

The following General Objections apply to WSOU's First Set of Requests for Production

of Documents and are incorporated by reference into the individual responses contained herein.

NETGEAR's assertion of any General Objections, assertion of similar or additional objections, or

partial answers in response to the Requests does not waive NETGEAR's General Objections as

set forth below.

1

1.      NETGEAR objects to the extent the Requests seek information that is protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, joint defense privilege, or information that is otherwise not subject to discovery by virtue of Rule 26(b)(3) of the Federal Rules of Civil Procedure or any other privilege or doctrine recognized by law.

2.      NETGEAR objects to the extent the Requests seek information not within NETGEAR's possession, custody, or control.  NETGEAR specifically objects to WSOU's definition of "Netgear" as vague and overbroad to the extent that it purports to include any entity other than Netgear, Inc.  NETGEAR responds to the Requests solely on its own behalf, and not on behalf of any other corporate entity, parent company, affiliate company, or other entity.

3.      NETGEAR objects to the extent the Requests call upon NETGEAR to investigate, collect, or disclose information that is neither relevant to any claim or defense in the litigation nor proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense compared to its likely benefit.

4.      NETGEAR objects to the extent the Requests, Definitions, or Instructions seek to impose greater burdens on NETGEAR than those required by the Federal Rules of Civil Procedure or the rules and orders of this Court.

5.      NETGEAR objects to the extent the Requests seek to impose obligations to produce ESI that exceed or are inconsistent with the obligations imposed by Federal and Local Rules.

6.      NETGEAR objects to the Requests because they are not reasonably limited to a relevant time period.

7.     NETGEAR objects to the Requests to the extent they seek information about activities outside the United States.

8.     NETGEAR objects to the Requests to the extent they seek documents or information that are cumulative, duplicative, already known to WSOU, or available to WSOU from public sources or other less burdensome means.

9.     NETGEAR objects to the Requests to the extent that they seek documents and things that are covered by a confidentiality agreement with another entity, unless the other entity consents to production of the covered documents and things.

10.     NETGEAR objects to the Requests to the extent they are premature at this stage in discovery, for example, before the parties' infringement and invalidity contentions, claim construction, or expert discovery, or seek information in advance of the deadlines set forth in the Scheduling Order.

11.     By setting forth particular objections in response to the Requests, NETGEAR does not intend to waive any objections not specifically set forth, and nothing herein should be construed as such a waiver.

12.     NETGEAR objects to the definition of Accused Products because it is vague, ambiguous, overbroad, unduly burdensome, not directly related to a proper claim in this case, and not proportional to the needs of the case.  NETGEAR further objects to the extent the Requests seek information regarding products not accused of infringement or are not the subject of WSOU's forthcoming infringement contentions.

13.     NETGEAR objects to the definition of Accused Functionalities because it is vague, ambiguous, overbroad, unduly burdensome, not directly related to a proper claim in this case, and not proportional to the needs of the case.  NETGEAR further objects to the extent the Requests

seek information regarding functionalities not accused of infringement or are not the subject of WSOU's forthcoming infringement contentions.

14.     NETGEAR objects to the definitions of "Document," "Communication," and "Information" to the extent it includes emails.

15.     NETGEAR objects to each request to the extent that it requests "all documents" as unduly burdensome and duplicative of other discovery.

16.     Subject to the general and specific objections herein, NETGEAR will produce relevant and non-privileged documents responsive to these Requests on a rolling basis beginning on January 13, 2022, the deadline to produce core technical documents and sales figures pursuant to Paragraph 7(b) of the Scheduling Order.

**RESPONSES**

**REQUEST NO. 1:**     All documents identified or considered by You and Your responses to any of WSOU's concurrently-propounded Interrogatories, separately for each Action.

**RESPONSE:** NETGEAR incorporates each of its General Objections as set forth in its entirety herein.   NETGEAR objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents identified or considered" related to its answers to WSOU's interrogatories.   NETGEAR objects to this Request to the extent it seeks documents protected by the attorney client privilege or attorney work product doctrine or is otherwise protected from disclosure.   NETGEAR objects to this Request as duplicative of Request No. 31.

Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control that can be located after a reasonable search, if any, identified

4

in or relied upon in preparing its responses to the interrogatories WSOU served NETGEAR on November 29, 2021.

**REQUEST NO. 2:**   All documents reasonably related to the date when each Accused Product, Related Product, and product identified in Your response to Interrogatory No. 1 was developed, and the date each was sold, offered for sale, or otherwise made available to customers and/or consumers by You, separately for each Action.

**RESPONSE:**  NETGEAR incorporates each of its General Objections as set forth in its entirety herein.  NETGEAR objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents reasonably related" to various dates.  NETGEAR objects to this Request as vague and ambiguous, to the extent that it seeks information related to "Related Product," a term that is not defined in WSOU's requests.  NETGEAR objects to this Request as vague and ambiguous, particularly with respect to the term "otherwise made available."

Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control that can be located after a reasonable search, if any, which identify dates when NETGEAR first sold or offered for sale the products specifically listed in WSOU's identification of accused products on December 23, 2021 pursuant to Paragraph 7(a) of the Scheduling Order.

**REQUEST NO. 3:**   All documents that provide a technical description of the Accused Functionalities as implemented in the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1, including but not limited to software architecture design documents, general architecture documents, reference material, high-level/low-level requirement design documents, test plans and schedules, user flows, software requirements specifications, and manuals, separately for each Action.

**RESPONSE:**  NETGEAR incorporates each of its General Objections as set forth in its entirety herein.  NETGEAR objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents" for numerous

products.  NETGEAR objects to this Request as vague, ambiguous, and premature to the extent

that it seeks information related to "Accused Functionalities" as WSOU's definition lacks

particularity and requires WSOU to serve its Infringement Contentions.  NETGEAR objects to

this Request as vague and ambiguous, to the extent that it seeks information related to "Related

Products," a term that is not defined in WSOU's requests.  NETGEAR objects to this Request to

the extent it seeks information regarding services or functionality not accused of infringement.

Subject to the foregoing General and specific objections and without waiver thereof,

NETGEAR will produce relevant and non-privileged documents responsive to this Request within

its possession, custody, or control that can be located after a reasonable search, if any, that describe

the functionality of the products specifically listed in WSOU's identification of accused products

on December 23, 2021 pursuant to Paragraph 7(a) of the Scheduling Order.

**REQUEST NO. 4:**    All documents, including Hardware Specifications and source code,
sufficient to fully describe the functionality, operation, design, architecture, topology, and
deployment of the Accused Products, Related Products, and products identified in Your response
to Interrogatory No. 1, separately for each Action.

**RESPONSE:**   NETGEAR incorporates each of its General Objections as set forth in its entirety

herein.  NETGEAR objects to this Request as overly broad and unduly burdensome and

disproportionate to the needs of this case to the extent that it seeks "[a]ll documents" for numerous

products.  NETGEAR objects to this Request as vague and ambiguous, to the extent that it seeks

information related to "Related Products," a term that is not defined in WSOU's requests.

NETGEAR objects to this Request to the extent it seeks information regarding services or

functionality not accused of infringement.

Subject to the foregoing General and specific objections and without waiver thereof,

NETGEAR will produce relevant and non-privileged documents responsive to this Request within

its possession, custody, or control that can be located after a reasonable search, if any, that describe

==the functionality of the products specifically listed in WSOU's identification of accused products on December 23, 2021 pursuant to Paragraph 7(a) of the Scheduling Order.==

**REQUEST NO. 5:**   All documents related to the technology, products, and services incorporated into Accused Products, Related Products, and products identified in response to Interrogatory No. 1 with respect to the Accused Functionalities, separately for each Action.

**RESPONSE:**  NETGEAR incorporates each of its General Objections as set forth in its entirety herein.  NETGEAR objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents related to the technology, products and services."  NETGEAR objects to this Request as vague, ambiguous, and premature to the extent that it seeks information related to "Accused Functionalities" as WSOU's definition lacks particularity and requires WSOU to serve its Infringement Contentions.  NETGEAR objects to this Request as vague and ambiguous, to the extent that it seeks information related to "Related Products," a term that is not defined in WSOU's requests.  NETGEAR objects to this Request to the extent it seeks information regarding services or functionality not accused of infringement.

Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control that can be located after a reasonable search, if any, that describe the functionality of the products specifically listed in WSOU's identification of accused products on December 23, 2021 pursuant to Paragraph 7(a) of the Scheduling Order.

**REQUEST NO. 6:**   All documents reasonably related to when and how You first became aware of each of the Patents-in-Suit, separately for each Action.

**RESPONSE:**  NETGEAR incorporates each of its General Objections as set forth in its entirety herein.  NETGEAR objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents reasonably

related" to NETGEAR's awareness of the Patents-in-Suit.  NETGEAR objects to this Request to

the extent it seeks information that is protected by the attorney-client privilege, work product

privilege, or any other applicable privilege or immunity.

NETGEAR states that it became aware of each of the Patents-in-Suit on or around February

19, 2021 when WSOU filed its original lawsuits in the Western District of Texas, Case Nos. 6:21-

cv-00153-ADA, 6:21-cv-00154-ADA, and 6:21-cv-00155-ADA.   Accordingly, NETGEAR

objects to this Request as it seeks information already in WSOU's possession.

**REQUEST NO. 7:**   All documents sufficient to show by month, quarter, and/or year the actual
and projected sales volume, transaction revenue, the actual and projected net and gross revenue,
the actual and projected costs (itemized in sufficient detail to include direct labor costs, direct
material costs, manufacturing overhead costs, other costs of goods sold, licensing costs, and other
operating costs), the actual and projected number of users, the actual and projected licensing
revenue, and the actual and projected gross and operating profitability for the Accused Products,
Related Products, and products identified in Your response to Interrogatory No. 1, separately for
each Action.

**RESPONSE:**  NETGEAR incorporates each of its General Objections as set forth in its entirety

herein.   NETGEAR objects to this Request as overly broad and unduly burdensome and

disproportionate to the needs of this case to the extent that it seeks "[a]ll documents" for numerous

types of financial information.  NETGEAR objects to this Request as vague and ambiguous, to the

extent that it seeks information related to "Related Products," a term that is not defined in WSOU's

requests.  NETGEAR also objects to this Request to the extent that it seeks information not kept

by NETGEAR in the ordinary course of business.  NETGEAR objects to this Request because it

is not limited to the relevant time period.

Subject to the foregoing General and specific objections and without waiver thereof,

NETGEAR will produce relevant and non-privileged documents responsive to this Request within

its possession, custody, or control that can be located after a reasonable search, if any, which are

sufficient to show actual sales and revenues for the products specifically listed in WSOU's

8

identification of accused products on December 23, 2021 pursuant to Paragraph 7(a) of the Scheduling Order for the period from 2015-2021.

**REQUEST NO. 8:**   All documents related to the costs of developing and maintaining the technology used in the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1, separately for each Action.

**RESPONSE:**   NETGEAR incorporates each of its General Objections as set forth in its entirety herein.   NETGEAR objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents related to the costs" for numerous products.   NETGEAR objects to this Request as vague and ambiguous, to the extent that it seeks information related to "costs of developing and maintaining the technology" as it is unclear what these costs are.   NETGEAR objects to this Request as vague and ambiguous, to the extent that it seeks information related to "Related Products," a term that is not defined in WSOU's requests.   NETGEAR objects to this Request to the extent that it seeks information not kept by NETGEAR in the ordinary course of business.   NETGEAR objects to this Request because it is not limited to the relevant time period.   NETGEAR objects to this Request to the extent it seeks information regarding services or functionality not accused of infringement.

Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control that can be located after a reasonable search, if any, which are sufficient to show actual sales and revenues for the products specifically listed in WSOU's identification of accused products on December 23, 2021 pursuant to Paragraph 7(a) of the Scheduling Order for the period from 2015-2021.

**REQUEST NO. 9:**   All documents related to any attribution of revenue whether directly or indirectly whatever the revenue's direct source, to the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1, separately for each Action.

**RESPONSE:**  NETGEAR incorporates each of its General Objections as set forth in its entirety herein.   NETGEAR objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents related to any attribution of revenue" for numerous products.  NETGEAR objects to this Request as vague and ambiguous, to the extent that it seeks information related to "attribution of revenue" as it is unclear what this term means.  NETGEAR objects to this Request as vague and ambiguous, to the extent that it seeks information related to "Related Products," a term that is not defined in WSOU's requests.  NETGEAR objects to this Request to the extent that it seeks information not kept by NETGEAR in the ordinary course of business.  NETGEAR objects to this Request because it is not limited to the relevant time period.  NETGEAR objects to this Request to the extent it seeks information regarding services or functionality not accused of infringement.

Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control that can be located after a reasonable search, if any, which are sufficient to show actual sales and revenues for the products specifically listed in WSOU's identification of accused products on December 23, 2021 pursuant to Paragraph 7(a) of the Scheduling Order for the period from 2015-2021.

**REQUEST NO. 10:**  All documents reflecting Your internal business and marketing plans, budgets, strategic marketing or planning reports, internal planning memoranda, internal presentations, meeting notes, feasibility studies, cost/benefit analyses, customer surveys, or minutes to board meetings for any product or application line, division, or company that includes or relates to the Accused Products, Related Products, or products identified in Your response to Interrogatory No. 1.

**RESPONSE:**  NETGEAR incorporates each of its General Objections as set forth in its entirety herein.   NETGEAR objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents" for numerous

types of information "for any product or application line, division, or company that includes or

relates to" numerous products.  NETGEAR objects to this Request as vague and ambiguous, to the

extent that it seeks information related to "Related Products," a term that is not defined in WSOU's

requests.  NETGEAR objects to this Request because it is not limited to the relevant time period.

NETGEAR objects to this Request as not reasonably calculated to lead to the discovery of

admissible evidence.  NETGEAR objects to this Request to the extent it seeks information

regarding services or functionality not accused of infringement.

Subject to the foregoing General and specific objections and without waiver thereof,

NETGEAR will produce relevant and non-privileged documents responsive to this Request within

its possession, custody, or control that can be located after a reasonable search, if any, which are

sufficient to show NETGEAR's marketing plans for the products specifically listed in WSOU's

identification of accused products on December 23, 2021 pursuant to Paragraph 7(a) of the

Scheduling Order for the period from 2015-2021.

**REQUEST NO. 11:**  All documents reflecting license agreements, royalty agreements, covenants-not-to-sue, settlement agreements, enterprise agreements, purchase agreements, product or software development agreements, joint ventures, or co-development agreements that You entered into (as licensor or licensee) involving any patent or technology related in any way or covering any aspect of the Accused Products, Related Products, and products identified in response to Interrogatory No. 1, or for any similar or related technology, separately for each Action.

**RESPONSE:**  NETGEAR incorporates each of its General Objections as set forth in its entirety

herein.   NETGEAR objects to this Request as overly broad and unduly burdensome and

disproportionate to the needs of this case to the extent that it seeks "[a]ll documents" for numerous

types of agreements.  NETGEAR objects to this Request as vague and ambiguous, to the extent

that it seeks information related to "Related Products," a term that is not defined in WSOU's

requests.  NETGEAR objects to this Request as not reasonably calculated to lead to the discovery

of admissible evidence.  NETGEAR objects to this Request as premature as WSOU has not yet

provided its damages contentions.  NETGEAR objects to this Request to the extent it purports to shift the burden of proving damages onto NETGEAR.

Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR will produce relevant and non-privileged patent licenses responsive to this Request within its possession, custody, or control, if any, relating to the products specifically listed in WSOU's identification of accused products on December 23, 2021 pursuant to Paragraph 7(a) of the Scheduling Order.

**REQUEST NO. 12:**  All documents related to rates and amounts paid under any of the agreements identified in response to these requests for production, including, but not limited to Request for Production No. 12 above.

**RESPONSE:**  NETGEAR incorporates each of its General Objections as set forth in its entirety herein.  NETGEAR objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents related" to payments under various agreements.  NETGEAR objects to this Request as ambiguous to the extent it refers to itself.  NETGEAR objects to this Request as not reasonably calculated to lead to the discovery of admissible evidence.  NETGEAR objects to this Request as premature as WSOU has not yet provided its damages contentions.  NETGEAR objects to this Request to the extent it purports to shift the burden of proving damages onto NETGEAR.

Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR will produce relevant and non-privileged patent licenses responsive to Request No. 11 within its possession, custody, or control, if any, relating to the products specifically listed in WSOU's identification of accused products on December 23, 2021 pursuant to Paragraph 7(a) of the Scheduling Order.

**REQUEST NO. 13:**  All documents relating to Your licensing policy or policies, including but not limited to copies of the policies themselves.

**RESPONSE:**  NETGEAR incorporates each of its General Objections as set forth in its entirety herein.   NETGEAR objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents relating to" licensing policies.  NETGEAR objects to this Request as not reasonably calculated to lead to the discovery of admissible evidence.   NETGEAR objects to this Request to the extent it seeks documents protected by the attorney client privilege or attorney work product doctrine. NETGEAR objects to this Request as premature as WSOU has not yet provided its damages contentions.  NETGEAR objects to this Request to the extent it purports to shift the burden of proving damages onto NETGEAR.

Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control that can be located after a reasonable search, if any, setting forth NETGEAR's licensing policies.

**REQUEST NO. 14:**  All documents and communications reasonably related to the reasons for Your decision to sell, license, offer, or provide the Accused Functionalities as implemented in the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1.

**RESPONSE:**  NETGEAR incorporates each of its General Objections as set forth in its entirety herein.   NETGEAR objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents and communications reasonably related" to various decisions NETGEAR makes in its business. NETGEAR objects to this Request as vague, ambiguous, and premature to the extent that it seeks information related to "Accused Functionalities" as WSOU's definition lacks particularity and requires WSOU to serve its Infringement Contentions.  NETGEAR objects to this Request as vague and ambiguous, to the extent that it seeks information related to "Related Products," a term

13

that is not defined in WSOU's requests.  NETGEAR objects to this Request to the extent it seeks information protected by the attorney-client privilege, work product privilege, or any other privilege or immunity.  NETGEAR objects to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR states that it is willing to meet and confer with WSOU to discuss the relevance and appropriate scope, if any, of this request.

**REQUEST NO. 15:**  All documents related to marketing, promoting, and/or advertising the Accused Functionalities as implemented in the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1.

**RESPONSE:**  NETGEAR incorporates each of its General Objections as set forth in its entirety herein.  NETGEAR objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents related to" various forms of marketing.  NETGEAR objects to this Request as vague, ambiguous, and premature to the extent that it seeks information related to "Accused Functionalities" as WSOU's definition lacks particularity and requires WSOU to serve its Infringement Contentions. NETGEAR objects to this Request as vague and ambiguous, to the extent that it seeks information related to "Related Products," a term that is not defined in WSOU's requests. NETGEAR objects to this Request because it is not limited to the relevant time period.  NETGEAR objects to this Request as it seeks information that is publicly available.

Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR will produce relevant, non-privileged product catalogs, product data sheets, and product brochures responsive to this Request within its possession, custody, or control that are located after a reasonable search, if any, for the products specifically listed in WSOU's

14

identification of accused products on December 23, 2021 pursuant to Paragraph 7(a) of the Scheduling Order for the period from 2015-2021.

**REQUEST NO. 16:**  All documents reflecting any awards, recognition, or articles relating to the Accused Functionalities as implemented in the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1.

**RESPONSE:**  NETGEAR incorporates each of its General Objections as set forth in its entirety herein.  NETGEAR objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents reflecting" various forms of recognition.  NETGEAR objects to this Request as vague, ambiguous, and premature to the extent that it seeks information related to "Accused Functionalities" as WSOU's definition lacks particularity and requires WSOU to serve its Infringement Contentions. NETGEAR objects to this Request as vague and ambiguous, to the extent that it seeks information related to "Related Products," a term that is not defined in WSOU's requests.  NETGEAR objects to this Request because it is not limited to the relevant time period.  NETGEAR objects to this Request as it seeks information that is publicly available.

Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR will produce relevant awards and articles responsive to this Request within its possession, custody, or control that are located after a reasonable search, if any, for the products specifically listed in WSOU's identification of accused products on December 23, 2021 pursuant to Paragraph 7(a) of the Scheduling Order for the period from 2015-2021.

**REQUEST NO. 17:**  All documents relating to any customer requests for products, hardware, software, and/or applications that include the Accused Functionalities.

**RESPONSE:**  NETGEAR incorporates each of its General Objections as set forth in its entirety herein.  NETGEAR objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents relating to any

customer requests" for technology claimed in the Patents-in-Suit. NETGEAR objects to this Request as vague, ambiguous, and premature to the extent that it seeks information related to "Accused Functionalities" as WSOU's definition lacks particularity and requires WSOU to serve its Infringement Contentions. NETGEAR objects to this Request as not reasonably calculated to lead to the discovery of admissible evidence. NETGEAR objects to this Request to the extent it seeks information regarding services or functionality not accused of infringement.

Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control that can be located after a reasonable search if any, which are sufficient to show actual sales for the products specifically listed in WSOU's identification of accused products on December 23, 2021 pursuant to Paragraph 7(a) of the Scheduling Order for the period from 2015-2021.

**REQUEST NO. 18:** All documents reflecting any industry or customer need for the Accused Functionalities as implemented in the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1.

**RESPONSE:** NETGEAR incorporates each of its General Objections as set forth in its entirety herein. NETGEAR objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents reflecting any industry or customer need." NETGEAR objects to this Request as vague, ambiguous, and premature to the extent that it seeks information related to "Accused Functionalities" as WSOU's definition lacks particularity and requires WSOU to serve its Infringement Contentions. NETGEAR objects to this Request as vague and ambiguous, to the extent that it seeks information related to "Related Products," a term that is not defined in WSOU's requests. NETGEAR objects to this Request as prematurely seeking expert opinions. NETGEAR objects to this Request to the extent it purports to shift the burden of proving damages onto NETGEAR.

16

Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR states that it is willing to meet and confer with WSOU to discuss the relevance and appropriate scope, if any, of this request.

**REQUEST NO. 19:**  All documents reflecting that the Accused Functionalities as implemented in the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1 meet industry or customer needs.

**RESPONSE:**  NETGEAR incorporates each of its General Objections as set forth in its entirety herein.  NETGEAR objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents reflecting" meeting "industry or customer needs."  NETGEAR objects to this Request as vague, ambiguous, and premature to the extent that it seeks information related to "Accused Functionalities" as WSOU's definition lacks particularity and requires WSOU to serve its Infringement Contentions. NETGEAR objects to this Request as vague and ambiguous, to the extent that it seeks information related to "Related Products," a term that is not defined in WSOU's requests. NETGEAR objects to this Request as prematurely seeking expert opinions.  NETGEAR objects to this Request to the extent it purports to shift the burden of proving damages onto NETGEAR.

Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR states that it is willing to meet and confer with WSOU to discuss the relevance and appropriate scope, if any, of this request.

**REQUEST NO. 20:**  All documents that purport to value or provide any cost-benefit analysis of particular features of the Accused Functionalities as implemented in the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1.

**RESPONSE:**  NETGEAR incorporates each of its General Objections as set forth in its entirety herein.  NETGEAR objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents that purport to value or provide any cost-benefit analysis of particular features."  NETGEAR objects to this

Request as vague, ambiguous, and premature to the extent that it seeks information related to "Accused Functionalities" as WSOU's definition lacks particularity and requires WSOU to serve its Infringement Contentions. NETGEAR objects to this Request as vague and ambiguous, to the extent that it seeks information related to "particular features" and "Related Products," terms that are not defined in WSOU's requests. NETGEAR objects to this Request as prematurely seeking expert opinions. NETGEAR objects to this Request to the extent it purports to shift the burden of proving damages onto NETGEAR.

Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR states that it is willing to meet and confer with WSOU to discuss the relevance and appropriate scope, if any, of this request.

**REQUEST NO. 21:** All documents sufficient to fully describe all testing (and results of that testing) You conducted or commissioned others to conduct related to the Accused Functionalities as implemented in the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1, separately for each Action.

**RESPONSE:** NETGEAR incorporates each of its General Objections as set forth in its entirety herein. NETGEAR objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents" regarding "all testing." NETGEAR objects to this Request as vague, ambiguous, and premature to the extent that it seeks information related to "Accused Functionalities" as WSOU's definition lacks particularity and requires WSOU to serve its Infringement Contentions. NETGEAR objects to this Request as vague and ambiguous, to the extent that it seeks information related to "testing" and "Related Products," terms that are not defined in WSOU's requests. NETGEAR objects to this Request as not reasonably calculated to lead to the discovery of admissible evidence. NETGEAR objects to this Request as prematurely seeking expert opinions.

18

Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR states that it is willing to meet and confer with WSOU to discuss the relevance and appropriate scope, if any, of this request.

**REQUEST NO. 22:**  Documents reflecting organizational charts or similar documents relating to the organization or location of any facility or group involved in the research, development, or production of the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1.

**RESPONSE:**  NETGEAR incorporates each of its General Objections as set forth in its entirety herein.   NETGEAR objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks documents "relating to the organization or location of any facility or group" associated with various products.   NETGEAR objects to this Request as vague and ambiguous, to the extent that it seeks information related to "Related Products," a term that is not defined in WSOU's requests.

Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control that can be located after a reasonable search, if any, which identify the NETGEAR employees with most knowledge of relevant aspects of the products listed in WSOU's identification of accused products on December 23, 2021 pursuant to Paragraph 7(a) of the Scheduling Order.

**REQUEST NO. 23:**  Documents sufficient to determine the name, location, title and role of all employees, persons, or entities involved in the research, development, design, or production of the Accused Functionalities as implemented in the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1.

**RESPONSE:**  NETGEAR incorporates each of its General Objections as set forth in its entirety herein.   NETGEAR objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks to determine information regarding "all employees, persons, or entities" associated with various products.   NETGEAR

objects to this Request as vague, ambiguous, and premature to the extent that it seeks information related to "Accused Functionalities" as WSOU's definition lacks particularity and requires WSOU to serve its Infringement Contentions.   NETGEAR objects to this Request as vague and ambiguous, to the extent that it seeks information related to "Related Products," a term that is not defined in WSOU's requests.  NETGEAR objects to this Request to the extent it seeks information already provided by NETGEAR, such as in NETGEAR's Rule 26 Initial Disclosures and any supplements thereto.

Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control that can be located after a reasonable search, if any, which identify the NETGEAR employees with most knowledge of relevant aspects of the products listed in WSOU's identification of accused products on December 23, 2021 pursuant to Paragraph 7(a) of the Scheduling Order.

**REQUEST NO. 24:**  Documents sufficient to determine the name, location, title and role of all employees involved in the marketing, sale, or distribution of the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1.

**RESPONSE:**  NETGEAR incorporates each of its General Objections as set forth in its entirety herein.   NETGEAR objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks to determine information regarding "all employees" associated with "the marketing, sale, or distribution of the Accused Products."  NETGEAR objects to this Request as vague and ambiguous, to the extent that it seeks information related to "Related Products," a term that is not defined in WSOU's requests. NETGEAR objects to this Request to the extent it seeks information already provided by NETGEAR, such as in NETGEAR's Rule 26 Initial Disclosures and any supplements thereto. Specifically, in its Initial Disclosures served November 4, 2021, NETGEAR identified Belinda

Adams, Sr. Director of Corporate Marketing, as being knowledgeable regarding NETGEAR's marketing of the accused products.

**REQUEST NO. 25:** Documents sufficient to show the structure of the sales and marketing departments, distributor relationships, distribution system, total market coverage, sales force territory, sales force number, or compensation and commission structure related to the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1.

**RESPONSE:** NETGEAR incorporates each of its General Objections as set forth in its entirety herein. NETGEAR objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks documents "related to" numerous products. NETGEAR objects to this Request as vague and ambiguous, to the extent that it seeks information related to "Related Products," a term that is not defined in WSOU's requests. NETGEAR objects to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR states that it is willing to meet and confer with WSOU to discuss the relevance and appropriate scope, if any, of this request.

**REQUEST NO. 26:** Documents relating to any product, hardware, software, application, or service that competes with any of the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1, separately for each Action.

**RESPONSE:** NETGEAR incorporates each of its General Objections as set forth in its entirety herein. NETGEAR objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks documents "relating to" competitive products. NETGEAR objects to this Request as vague and ambiguous, to the extent that it seeks information related to "Related Products," a term that is not defined in WSOU's requests. NETGEAR objects to this Request as not reasonably calculated to lead to the discovery

of admissible evidence.  NETGEAR objects to this Request to the extent it purports to shift the

burden of proving damages onto NETGEAR.

Subject to the foregoing General and specific objections and without waiver thereof,

NETGEAR states that it is willing to meet and confer with WSOU to discuss the relevance and

appropriate scope, if any, of this request.

**REQUEST NO. 27:**  Documents relating to advertisements, including marketing documents, sales documents, and internet web pages, created by or on Your behalf relating to the Accused Functionalities as implemented in the Accused Products, Related Products, and products identified in Your response to Interrogatory No. 1.

**RESPONSE:**  NETGEAR incorporates each of its General Objections as set forth in its entirety

herein.   NETGEAR  objects  to  this  Request  as  overly  broad  and  unduly  burdensome  and

disproportionate to the needs of this case to the extent that it seeks documents "relating to"

advertisements.  NETGEAR objects to this Request as vague, ambiguous, and premature to the

extent that it seeks information related to "Accused Functionalities" as WSOU's definition lacks

particularity and requires WSOU to serve its Infringement Contentions.  NETGEAR objects to

this Request as vague and ambiguous, to the extent that it seeks information related to "Related

Products," a term that is not defined in WSOU's requests.  NETGEAR objects to this Request

because it is not limited to the relevant time period.  NETGEAR objects to this Request as it seeks

information that is publicly available.

Subject to the foregoing General and specific objections and without waiver thereof,

NETGEAR will produce relevant product catalogs, product data sheets, and product brochures

responsive to this Request within its possession, custody, or control that are located after a

reasonable search, if any, for the products specifically listed in WSOU's identification of accused

products on December 23, 2021 pursuant to Paragraph 7(a) of the Scheduling Order for the period

from 2015-2021.

**REQUEST NO. 28:**  Documents related to Your corporate policy or procedures, whether formal or informal, on licensing Your technology, including patents, or on use, non-use, or licensing of technology claimed in patents owned by or assigned to entities other than You.

**RESPONSE:**  NETGEAR incorporates each of its General Objections as set forth in its entirety herein.  NETGEAR objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks documents "relating to" NETGEAR's licensing policies.  NETGEAR objects to this Request as not reasonably calculated to lead to the discovery of admissible evidence.  NETGEAR objects to this Request to the extent it seeks documents protected by the attorney client privilege or attorney work product doctrine. NETGEAR objects to this Request as duplicative of Request No. 13.

Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control that can be located after a reasonable search if any, setting forth NETGEAR's licensing policies.

**REQUEST NO. 29:**  Documents relating to any opinion letters, memoranda, study, investigation, search, analysis, or opinion about the validity, enforceability, scope, or infringement of each of the Patents-In-Suit, separately for each Action.

**RESPONSE:**  NETGEAR incorporates each of its General Objections as set forth in its entirety herein.  NETGEAR objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[d]ocuments relating to" opinions.  NETGEAR objects to this Request as prematurely seeking expert opinions.  NETGEAR objects to this Request to the extent it seeks documents protected by the attorney client privilege or attorney work product doctrine.

**REQUEST NO. 30:**  Documents related to any analysis of the value of any patents or patent rights owned by WSOU, including but not limited to the Patents-in-Suit.

**RESPONSE:**  NETGEAR incorporates each of its General Objections as set forth in its entirety herein.  NETGEAR objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[d]ocuments related to any analysis."  NETGEAR objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks documents related to patents other than the Patents-in-Suit.  NETGEAR objects to this Request as prematurely seeking expert opinions.  NETGEAR objects to this Request to the extent it purports to shift the burden of proving damages onto NETGEAR.  NETGEAR objects to this Request to the extent it seeks documents protected by the attorney client privilege or attorney work product doctrine.

**REQUEST NO. 31:**  All documents identified or considered by You in Your responses to any discovery separately for each Action.

**RESPONSE:**  NETGEAR incorporates each of its General Objections as set forth in its entirety herein.  NETGEAR objects to this Request as premature.  NETGEAR objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll documents identified or considered" related to discovery responses.  NETGEAR objects to this Request to the extent it seeks documents protected by the attorney client privilege or attorney work product doctrine.

Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR will produce relevant and non-privileged documents responsive to this Request within its possession, custody, or control that can be located after a reasonable search, if any, identified in or relied upon in preparing its responses to discovery.

**REQUEST NO. 32:**   All financial reports from 2014 to the present, including but not limited to: annual reports, SEC Filings, including 20-F, 10-K, 8-K, etc.; unaudited financial statements; operating segment financial statements; division level financial reports; product line financial reports that include any division that sells, licenses, offers, or provides any of the Accused Products, Related Products, and products identified in response to Interrogatory No. 1; profit and loss statements; and tax returns.

**RESPONSE:** NETGEAR incorporates each of its General Objections as set forth in its entirety herein.   NETGEAR objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll financial reports." NETGEAR objects to this Request as vague and ambiguous, to the extent that it seeks information related to "Related Products," a term that is not defined in WSOU's requests.  NETGEAR objects to this Request because it is not limited to the relevant time period.  NETGEAR objects to this Request as it seeks information that is publicly available.  NETGEAR objects to this Request as not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR states that it is willing to meet and confer with WSOU to discuss the relevance and appropriate scope, if any, of this request.

**REQUEST NO. 33:**   All product catalogs or brochures, including the Accused Products, Related Products, and products identified in response to Interrogatory No. 1.

**RESPONSE:** NETGEAR incorporates each of its General Objections as set forth in its entirety herein.   NETGEAR objects to this Request as overly broad and unduly burdensome and disproportionate to the needs of this case to the extent that it seeks "[a]ll product catalogs or brochures."  NETGEAR objects to this Request as vague and ambiguous, to the extent that it seeks information related to "Related Products," a term that is not defined in WSOU's requests. NETGEAR objects to this Request as duplicative of Request No. 27.  NETGEAR objects to this Request to the extent it seeks information publicly available.

Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR will produce relevant product catalogs, product data sheets, and product brochures responsive to this Request within its possession, custody, or control that are located after a reasonable search, if any, for the products specifically listed in WSOU's identification of accused

products on December 23, 2021 pursuant to Paragraph 7(a) of the Scheduling Order for the period

from 2015-2021.

**REQUEST NO. 34:**  All product code descriptions (for codes used in financial or other internal reports) involving the Accused Products, Related Products, and products identified in response to Interrogatory No. 1, separately for each Action.

**RESPONSE:**  NETGEAR incorporates each of its General Objections as set forth in its entirety

herein.   NETGEAR objects to this Request as overly broad and unduly burdensome and

disproportionate to the needs of this case to the extent that it seeks "[a]ll product codes."

NETGEAR objects to this Request as vague and ambiguous, to the extent that it seeks information

related to "product code descriptions" and "Related Products," terms that are not defined in

WSOU's requests.

Subject to the foregoing General and specific objections and without waiver thereof,

NETGEAR will produce relevant and non-privileged documents responsive to this Request within

its possession, custody, or control that can be located after a reasonable search, if any, which are

sufficient to show NETGEAR's SKUs for products listed in WSOU's identification of accused

products on December 23, 2021 pursuant to Paragraph 7(a) of the Scheduling Order.

**REQUEST NO. 35:**  Documents relating to Your document retention or destruction policies and practices.

**RESPONSE:**  NETGEAR incorporates each of its General Objections as set forth in its entirety

herein.   NETGEAR objects to this Request as overly broad and unduly burdensome and

disproportionate to the needs of this case to the extent that it seeks documents "relating to"

NETGEAR's document retention policies.  NETGEAR objects to this Request to the extent it

seeks documents protected by the attorney client privilege or attorney work product doctrine.

Subject to the foregoing General and specific objections and without waiver thereof,

NETGEAR will produce relevant and non-privileged documents responsive to this Request within

its possession, custody, or control that can be located after a reasonable search, if any, setting forth

NETGEAR's document retention policies.

**REQUEST NO. 36:**  All documents You may offer as evidence, use as an exhibit, or otherwise rely on in any trial, hearing, motion, submission to the court, submission to a special master, or deposition separately for each Action.

**RESPONSE:**  NETGEAR incorporates each of its General Objections as set forth in its entirety

herein.  NETGEAR objects to this Request as premature. NETGEAR objects to this Request as

overly broad and unduly burdensome and disproportionate to the needs of this case to the extent

that it seeks "[a]ll documents" that NETGEAR "may offer as evidence."  NETGEAR objects to

this Request to the extent it seeks information already in WSOU's possession or available to

WSOU from public sources.  NETGEAR objects to this Request to the extent it seeks documents

protected by the attorney client privilege or attorney work product doctrine.  NETGEAR objects

to this Request to the extent it seeks information in advance of the deadlines set forth in the

Scheduling Order.

Subject to the foregoing General and specific objections and without waiver thereof,

NETGEAR will produce the evidence it uses at trial, or in a hearing, brief, deposition, or other

proceeding in each Action.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

_____

OF COUNSEL:

Amr O. Aly
JENNER & BLOCK LLP
919 Third Avenue
New York, NY  10022
(212) 891-1600

Lisa M. Schoedel
Yusuf Esat
Mitchell L. Denti
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL  60654-3456
(312) 222-9350

December 29, 2021

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jying@morrisnichols.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2021, copies of the foregoing were caused to be served upon the following in the manner indicated:

James M. Lennon, Esquire                                      *VIA ELECTRONIC MAIL*
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE  19806
*Attorneys for Plaintiff*

Jonathan K. Waldrop, Esquire                                 *VIA ELECTRONIC MAIL*
Darcy L. Jones, Esquire
Marcus A. Barber, Esquire
ThucMinh Nguyen, Esquire
John W. Downing, Esquire
Heather S. Kim, Esquire
Jack Shaw, Esquire
KASOWITZ BENSON TORRES LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA  94065
*Attorneys for Plaintiff*

Shelley Ivan, Esquire                                        *VIA ELECTRONIC MAIL*
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY  10019
*Attorneys for Plaintiff*

Paul G. Williams, Esquire                                    *VIA ELECTRONIC MAIL*
KASOWITZ BENSON TORRES LLP
1230 Peachtree Street, NE, Suite 2445
Atlanta, GA  30309
*Attorneys for Plaintiff*


                                        */s/ Jennifer Ying*
                                        _____
                                        Jennifer Ying (#5550)