**EXHIBIT M**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 1;21-1117-MN-CJB |
| v. | ) ) | C.A. No. 1:21-1119-MN-CJB C.A. No. 1:21-1120-MN-CJB |
| NETGEAR, INC., | ) ) | |
| Defendant. | ) | |

**DEFENDANT NETGEAR, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1-9)**

Pursuant to Federal Rule of Civil Procedure 33 and the rules and orders of this Court, Defendant Netgear, Inc. ("NETGEAR") hereby provides its responses and objections as set forth below to Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development's ("WSOU") First Set of Interrogatories dated November 29, 2021. NETGEAR's investigation concerning the matters raised by WSOU's Interrogatories is continuing, and, pursuant to Federal Rule of Civil Procedure 26(e), NETGEAR expressly reserves the right to amend and supplement these responses and its production of documents when it learns of additional responsive information not previously provided to WSOU.

**PRELIMINARY STATEMENT**

The following responses are based solely on the information that is presently available and specifically known to NETGEAR, and are given without prejudice to NETGEAR's right to supplement with any subsequently-discovered facts. NETGEAR reserves the right to supplement the following responses and to change any and all responses therein as additional facts are ascertained, analyses are made, and legal research is completed.

1

NETGEAR expressly reserves the right to supplement its Responses and production of documents and things. Any responses will be supplied by NETGEAR subject to all objections as to competence, relevance, materiality, propriety, admissibility and any and all other objections on any grounds that would require the exclusion of the response or information if such were offered in evidence, all of which objections and grounds are hereby expressly reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended by the responses herein. The fact that NETGEAR has provided a response to any particular interrogatory should not be taken as an admission that NETGEAR accepts or admits the existence of any fact or interpretation or conclusion of law set forth or assumed by such interrogatory or that said response constitutes admissible evidence. The fact that NETGEAR has provided a response to any interrogatory is not intended to be, and shall not be construed as, a waiver by NETGEAR of any part of any objection to any such interrogatory.

**GENERAL OBJECTIONS**

The following General Objections apply to WSOU's First Set of Interrogatories and are incorporated by reference into the individual responses contained herein. NETGEAR's assertion of any General Objections, assertion of similar or additional objections, or partial answers in response to the Interrogatories does not waive NETGEAR's General Objections as set forth below.

1. NETGEAR objects to the extent the Interrogatories seek information that is protected by the attorney-client privilege, attorney work product doctrine, common interest privilege, joint defense privilege, or information that is otherwise not subject to discovery by virtue of Rule 26(b)(3) of the Federal Rules of Civil Procedure or any other privilege or doctrine recognized by law.

2. NETGEAR objects to the extent the Interrogatories seek information not within NETGEAR's possession, custody, or control. NETGEAR specifically objects to WSOU's definition of "Netgear" as vague and overbroad to the extent that it purports to include any entity other than Netgear, Inc. NETGEAR responds to the Interrogatories solely on its own behalf, and not on behalf of any other corporate entity, parent company, affiliate company, or other entity.

3. NETGEAR objects to the extent the Interrogatories call upon NETGEAR to investigate, collect, or disclose information that is neither relevant to any claim or defense in the litigation nor proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense compared to its likely benefit. NETGEAR further objects to each Interrogatory to the extent the information sought is outside the scope of any infringement contentions WSOU provides to NETGEAR.

4. NETGEAR objects to the extent the Interrogatories, Definitions, or Instructions seek to impose greater burdens on NETGEAR than those required by the Federal Rules of Civil Procedure or the rules and orders of this Court.

5. NETGEAR objects to the Interrogatories because they are not reasonably limited to a relevant time period.

6. NETGEAR further objects to each Interrogatory to the extent it seeks information about activities outside the United States.

7. NETGEAR objects to each Interrogatory pursuant to Fed. R. Civ. P. 33(d) on the grounds that it is not a more practical method of obtaining the information sought than a request for production or a deposition.

3

8.      NETGEAR objects to the Interrogatories to the extent they are premature at this stage in discovery, for example, before the parties' infringement and invalidity contentions, claim construction, or expert discovery.

9.      By answering these Interrogatories, NETGEAR does not concede the relevance or admissibility of the information provided.

10.     NETGEAR objects to the definition of Accused Products because it is vague, ambiguous, overbroad, unduly burdensome, not directly related to a proper claim in this case, and not proportional to the needs of the case.

11.     NETGEAR objects to the definition of Accused Functionalities because it is vague, ambiguous, overbroad, unduly burdensome, not directly related to a proper claim in this case, and not proportional to the needs of the case.

12.     NETGEAR objects to each Interrogatory to the extent it seeks "all," "any," or "any and all" facts, documents, or things as overbroad and unduly burdensome.

13.     NETGEAR reserves the right to supplement or amend its responses to these Interrogatories as discovery is ongoing.

14.     All objections to the use, at trial or otherwise, of any information provided herein are hereby expressly reserved.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1

Identify, by product name, part number, internal name, internal model number, external model number, and any other designation, all products and services that Plaintiff alleges performs or enables any aspect of the Accused Functionalities, including but not limited to the Accused Products and products or services that operate in a reasonably similar manner, separately for each Action.

**RESPONSE**

NETGEAR fully incorporates its General Objections as if set forth in their entirety herein. NETGEAR further objects to this Interrogatory as overly broad, unduly burdensome, calling for information that is neither relevant nor likely to lead to the discovery of admissible evidence, particularly to the extent that it seeks information for time periods not relevant to this suit, for "all products and services that Plaintiff alleges performs or enables any aspect of the Accused Functionalities," and for "products or services that operate in a reasonably similar manner." NETGEAR objects to this Interrogatory as vague, ambiguous, and premature to the extent that it seeks information related to "Accused Functionalities" as WSOU's definition lacks particularity and requires WSOU to serve its Infringement Contentions. WSOU's initial infringement contentions are currently due February 17, 2022. NETGEAR objects to this Interrogatory as compound, as it consists of multiple separate and discrete subparts. NETGEAR objects to this Interrogatory to the extent it calls for NETGEAR to identify potential accused products.

Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR provides the following listing of NETGEAR's SKUs for the products specifically listed in WSOU's definition of Accused Products.

| Product Identified by WSOU | NETGEAR Part Number (SKU) |
|---|---|
| U.S. Patent No. 7,512,096 | |
| WAC740 | WAC740-100NAS |
| WAC510 | WAC510-100NAS |
| WAX610 | WAC610-100NAS |
| SXK80 | SXK80-100NAS |
| SXR80 | SXR80-100NAS |
| SRK60 | SRK60-100NAS |
| SXK30 | SXK30-100NAS |
| RBK853 | RBK853-100NAS |
| RBK753 | RBK753-100NAS |
| MK62 | MK62-100NAS |
| RAX120 | RAX120-100NAS |
| RAX200 | RAX200-100NAS |

5

| | |
|---|---|
| RAX80 | RAX80-100NAS |
| R6330 | R6330-100NAS |
| R6850 | R6850-100NAS |
| CAX80 | CAX80-100NAS |
| CBR750 | CBR750-100NAS |
| LBR20 | LBR20-100NAS |
| **U.S. Patent No. 9,338,171** | |
| WAC505 | WAC505-100NAS |
| WAC510 | WAC510-100NAS |
| WAC720 | WAC720-100NAS |
| WAC730 | WAC730-100NAS |
| **U.S. Patent No. 7,551,630** | |
| M5300 | GSM7228S-100NES, GSM7328S-200NAS, GSM7328FS-200NES, GSM7228PS-100NAS, GSM7252S-100NES, GSM7352S-200NAS, GSM7252PS-100NAS |
| M6100 | XCM8903SX-10000S, XCM8903SK-10000S, XCM8903SF-10000S, XCM8924X-10000S, XCM8944-10000S, XCM8944F-10000S, XCM8948-10000S |
| M7100 | XSM7224-100NES |

In addition, NETGEAR states that it will produce relevant, non-privileged business records and other documents from which the answers may be derived or ascertained in accordance with Fed. R. Civ. P. 33(d).

NETGEAR reserves the right to supplement its Response to this Interrogatory, including after WSOU has adequately identified the NETGEAR products that it alleges infringe the claims of the Patents-in-Suit and as NETGEAR's investigation continues.

**INTERROGATORY NO. 2**

For each Accused Product, Related Product, and product identified in response to Interrogatory No. 1, identify all Persons and entities that developed, designed, coded, planned, or otherwise contributed to the Accused Functionalities as implemented in each Accused Product, Related Product, and product identified in response to Interrogatory No. 1; for each Person or

6

entity identified, describe the nature of the work or services performed, including relevant dates and time periods separately for each Action.

**RESPONSE**

NETGEAR fully incorporates its General Objections as if set forth in their entirety herein. NETGEAR further objects to this Interrogatory as overly broad, unduly burdensome, calling for information that is neither relevant nor likely to lead to the discovery of admissible evidence, particularly to the extent that it seeks information for time periods not relevant to this suit, for the identification of "all Persons and entities that developed, designed, coded, planned, or otherwise contributed to the Accused Functionalities," and "for each Person or entity identified, describe the nature of the work or services performed, including relevant dates and time periods." NETGEAR objects to this Interrogatory as vague, ambiguous, and premature to the extent that it seeks information related to "Accused Functionalities" as WSOU's definition lacks particularity and requires WSOU to serve its Infringement Contentions. WSOU's initial infringement contentions are currently due February 17, 2022. NETGEAR objects to this Interrogatory as compound, as it consists of multiple separate and discrete subparts. NETGEAR objects to this Interrogatory to the extent it seeks information already provided in NETGEAR's other disclosures, including but not limited to NETGEAR's Rule 26 Initial Disclosures and any supplements thereto.

Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR identifies at this time Joseph Emmanuel (U.S. Patent No. 7,512,096), Harsha Nagaraju (U.S. Patent No. 9,338,171), and Shiva Desigowda (U.S. Patent No. 7,551,630) as people who are knowledgeable about the operation, design, and engineering of the products specifically listed in WSOU's definition of Accused Products. Each individual may only be contacted through counsel for NETGEAR.

7

NETGEAR reserves the right to supplement its Response to this Interrogatory, including after WSOU has adequately identified the NETGEAR products that it alleges infringe the claims of the Patents-in-Suit and as NETGEAR's investigation continues.

**INTERROGATORY NO. 3**

For each Accused Product, Related Product, and product identified in response to Interrogatory No. 1, identify all source code files, modules, projects, libraries, collections, compilations, specifications, design documents, repositories, or other technical information that reasonably show the Accused Functionalities as implemented in each, separately for each Action.

**RESPONSE**

NETGEAR fully incorporates its General Objections as if set forth in their entirety herein. NETGEAR objects to this Interrogatory as premature as NETGEAR's deadline to produce core technical documents pursuant to Paragraph 7(b) of the Scheduling Order is January 13, 2022. NETGEAR further objects to this Interrogatory as overly broad, unduly burdensome, calling for information that is neither relevant nor likely to lead to the discovery of admissible evidence, particularly to the extent that it seeks information for time periods not relevant to this suit, and for requesting the identification of "all source code files, modules, projects, libraries, collections, compilations, specifications, design documents, repositories, or other technical information." NETGEAR objects to this Interrogatory as vague, ambiguous, and premature to the extent that it seeks information related to "Accused Functionalities" as WSOU's definition lacks particularity and requires WSOU to serve its Infringement Contentions. WSOU's initial infringement contentions are currently due February 17, 2022. NETGEAR further objects to this Interrogatory to the extent it seeks information regarding products, services, or functionality not accused of infringement and/or that are not the subject of WSOU's forthcoming infringement contentions. NETGEAR objects to this Interrogatory as compound, as it consists of multiple separate and discrete subparts.

8

Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR states that it will produce relevant, non-privileged business records and other documents from which the answers may be derived or ascertained in accordance with Fed. R. Civ. P. 33(d).

NETGEAR reserves the right to supplement its Response to this Interrogatory, including after WSOU has adequately identified the NETGEAR products that it alleges infringe the claims of the Patents-in-Suit and as NETGEAR's investigation continues.

**INTERROGATORY NO. 4**

Separately, for each product identified in response to Interrogatory No. 1, state Your actual or projected U.S. monthly (or quarterly if monthly does not exist, or annual if neither monthly nor quarterly exist) sales volume, gross revenue, average revenue, operating revenue, net revenue, gross profit, operating profit, net profit, profit margin, the country/countries in which the sale was made, and costs (including costs of sales) generated six years before the filing of the lawsuit through the expiration of the Patent-in-Suit.

**RESPONSE**

NETGEAR fully incorporates its General Objections as if set forth in their entirety herein. NETGEAR objects to this Interrogatory as overly broad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense in the litigation nor proportional to the needs of the case. NETGEAR objects to this Interrogatory as premature as NETGEAR's deadline to produce sales figures pursuant to Paragraph 7(b) of the Scheduling Order is January 13, 2022 and WSOU's initial infringement contentions are currently due February 17, 2022. NETGEAR objects to this Interrogatory as vague as WSOU did not define gross revenue, average revenue, operating revenue, net revenue, gross profit, operating profit, net profit, or profit margin. NETGEAR objects to this Interrogatory to the extent that it requests information that is not part of NETGEAR's regular business records. NETGEAR objects to this Interrogatory as compound, as

9

it consists of multiple separate and discrete subparts. NETGEAR objects to this Interrogatory as premature as WSOU has not yet provided its damages contentions.

Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR states that it will produce relevant, non-privileged business records and other documents from which NETGEAR's sales figures may be derived or ascertained in accordance with Fed. R. Civ. P. 33(d).

NETGEAR's investigation is ongoing. NETGEAR reserves the right to supplement its Response to this Interrogatory as its investigation continues.

**INTERROGATORY NO. 5**

Separately, for each product identified in response to Interrogatory No. 1, identify the earliest date each was developed, and the date each was (1) sold, (2) offered for sale, or (3) otherwise made available to any customers and/or consumers by You.

**RESPONSE**

NETGEAR fully incorporates its General Objections as if set forth in their entirety herein. NETGEAR objects to this Interrogatory as premature and vague because WSOU has not identified with particularity, on an element-by-element bases, how each asserted claim of the Patents-in-Suit is purportedly infringed by any NETGEAR product. WSOU's initial infringement contentions are currently due February 17, 2022. NETGEAR objects to this Interrogatory as compound, as it consists of multiple separate and discrete subparts.

Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR states that it will produce relevant, non-privileged business records and other documents from which the answers may be derived or ascertained in accordance with Fed. R. Civ. P. 33(d).

NETGEAR's investigation is ongoing. NETGEAR reserves the right to supplement its Response to this Interrogatory after WSOU has adequately identified the NETGEAR products that it alleges infringe the claims of the Patents-in-Suit and as NETGEAR's investigation continues.

**INTERROGATORY NO. 6**

For each asserted claim that You contend is not infringed, set forth in detail (per claim element basis and per Accused Product basis) the factual and legal basis for Your contention of non-infringement.

**RESPONSE**

NETGEAR fully incorporates its General Objections as if set forth in their entirety herein. NETGEAR objects to this Interrogatory as premature and vague because WSOU has not identified with particularity, on an element-by-element bases, how each asserted claims of the Patents-in-Suit is purportedly infringed by any NETGEAR product. WSOU's initial infringement contentions are currently due February 17, 2022. NETGEAR objects to this Interrogatory as premature because it seeks expert opinions. Expert discovery is currently scheduled in 2023. NETGEAR objects to this Interrogatory to the extent it calls for legal conclusions. NETGEAR objects to this Interrogatory to the extent it purports to shift the burden of proving infringement from WSOU.

NETGEAR's investigation is ongoing. NETGEAR reserves the right to supplement its Response to this Interrogatory based on the case schedule and as its investigation continues.

**INTERROGATORY NO. 7**

For each of the Patents-in-Suit, describe in detail the facts and circumstances regarding Your first awareness of each of the Patents-in-Suit, Related Patents, and Related Patent Applications, including when You first became aware of each of the Patents-in-Suit, how You first became aware of each of the Patents-in-Suit, the identity of the individual(s) who first became aware of each of the Patents-in-Suit, the actions, if any, taken by You after becoming aware of each of the Patents-in-Suit, and an identification of all documents showing or reflecting awareness of each of the Patents-in-Suit.

11

**RESPONSE**

NETGEAR fully incorporates its General Objections as if set forth in their entirety herein. NETGEAR objects to this Interrogatory as unduly burdensome and not relevant to any claim or defense and disproportionate to the needs of this case to the extent it calls for evidence of awareness of patents and patent applications, and "all documents showing or reflecting" that awareness. NETGEAR objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, work product privilege, or any other privilege or immunity. NETGEAR objects to this Interrogatory as compound, as it consists of multiple separate and discrete subparts.

Subject to the foregoing General and specific objections and without waiver thereof, NETGEAR states that it became aware of each of the Patents-in-Suit on or around February 19, 2021 when WSOU filed its original lawsuits in the Western District of Texas, Case Nos. 6:21-cv-00153-ADA, 6:21-cv-00154-ADA, and 6:21-cv-00155-ADA.

NETGEAR's investigation is ongoing. NETGEAR reserves the right to supplement its Response to this Interrogatory as its investigation continues.

**INTERROGATORY NO. 8**

To the extent You contend that acceptable non-infringing alternatives exist for the subject matter claimed by each of the Patents-in-Suit, identify and describe in detail each alleged non-infringing alternative that You contend can be used as an alternative, including but not limited to: (1) a description of each alleged non-infringing alternative; (2) a description of when and how each non-infringing alternative was developed; (3) the identity of individuals involved in developing and/or most knowledgeable about each alleged non-infringing alternative (if applicable); (4) the dates when each alleged non-infringing alternative was incorporated in any Accused Product; (5) the costs associated with developing and implementing each alleged non-infringing alternative; (6) the steps and the time required to develop and implement each alleged non-infringing alternative; (7) a detailed explanation of how each identified alternative is not infringing; and (8) a detailed explanation of how each identified alternative is technically and commercially acceptable, separately for each Action.

**RESPONSE**

NETGEAR fully incorporates its General Objections as if set forth in their entirety herein. NETGEAR objects to this Interrogatory as premature and vague because WSOU has not identified with particularity, on an element-by-element bases, how each asserted claims of the Patents-in-Suit is purportedly infringed by any NETGEAR product. WSOU's initial infringement contentions are currently due February 17, 2022. NETGEAR objects to this Interrogatory as premature as WSOU has yet to provide its damages contentions. NETGEAR objects to this Interrogatory as premature because it seeks expert opinions. Expert discovery is currently scheduled in 2023. NETGEAR objects to this Interrogatory to the extent it calls for legal conclusions. NETGEAR objects to this Interrogatory as compound, as it consists of multiple separate and discrete subparts. NETGEAR objects to this Interrogatory to the extent it purports to shift the burden of proving infringement or damages from WSOU.

NETGEAR's investigation is ongoing. NETGEAR reserves the right to supplement its Response to this Interrogatory based on the case schedule and as its investigation continues.

**INTERROGATORY NO. 9**

Set forth all factual and legal bases for Your Affirmative Defenses.

**RESPONSE**

NETGEAR fully incorporates its General Objections as if set forth in their entirety herein. NETGEAR objects to this Interrogatory, seeking "all factual and legal bases" for each of NETGEAR's affirmative defenses, as overly broad, unduly burdensome and disproportionate to the needs of this case. NETGEAR objects to this Interrogatory as premature with respect to Case No. 1:21-1119-MN-CJB as NETGEAR has not yet filed an Answer containing affirmative defenses given the pendency of NETGEAR's motion to dismiss WSOU's Amended Complaint under Fed. R. Civ. P. 12(b)(6). NETGEAR objects to this Interrogatory as premature with respect

13

to Case Nos. 1:21-1117-MN-CJB and 1:21-1120-MN-CJB as WSOU's initial infringement contentions are currently due on February 17, 2022, NETGEAR's initial invalidity contentions are currently due on March 31, 2022, and other relevant case deadlines extend into 2023. NETGEAR objects to this Interrogatory as compound, as it consists of multiple separate and discrete subparts.

NETGEAR's investigation is ongoing. NETGEAR reserves the right to supplement its Response to this Interrogatory based on the case schedule and as its investigation continues.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Jennifer Ying* |
|  | _____ |
| OF COUNSEL: | Jack B. Blumenfeld (#1014) |
|  | Jennifer Ying (#5550) |
| Amr O. Aly | 1201 North Market Street |
| JENNER & BLOCK LLP | P.O. Box 1347 |
| 919 Third Avenue | Wilmington, DE  19899 |
| New York, NY  10022 | (302) 658-9200 |
| (212) 891-1600 | jblumenfeld@morrisnichols.com |
|  | jying@morrisnichols.com |
| Lisa M. Schoedel |  |
| Yusuf Esat | *Attorneys for Defendant* |
| Mitchell L. Denti |  |
| JENNER & BLOCK LLP |  |
| 353 North Clark Street |  |
| Chicago, IL  60654-3456 |  |
| (312) 222-9350 |  |
|  |  |
| December 29, 2021 |  |

14

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2021, copies of the foregoing were caused to be served upon the following in the manner indicated:

| | |
|---|---|
| James M. Lennon, Esquire<br>DEVLIN LAW FIRM LLC<br>1526 Gilpin Avenue<br>Wilmington, DE 19806<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Jonathan K. Waldrop, Esquire<br>Darcy L. Jones, Esquire<br>Marcus A. Barber, Esquire<br>ThucMinh Nguyen, Esquire<br>John W. Downing, Esquire<br>Heather S. Kim, Esquire<br>Jack Shaw, Esquire<br>KASOWITZ BENSON TORRES LLP<br>333 Twin Dolphin Drive, Suite 200<br>Redwood Shores, CA 94065<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Shelley Ivan, Esquire<br>KASOWITZ BENSON TORRES LLP<br>1633 Broadway<br>New York, NY 10019<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Paul G. Williams, Esquire<br>KASOWITZ BENSON TORRES LLP<br>1230 Peachtree Street, NE, Suite 2445<br>Atlanta, GA 30309<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

/s/ *Jennifer Ying*

Jennifer Ying (#5550)