**EXHIBIT O**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| VASUDEVAN SOFTWARE, INC., | ) | Case No.: 11-06637-RS-PSG |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S** |
| | ) | **MOTION TO COMPEL AN** |
| v. | ) | **INTERROGATORY RESPONSE AND** |
| | ) | **GRANTING-IN-PART PLAINTIFF'S** |
| MICROSTRATEGY INCORPORATED, | ) | **MOTION TO COMPEL A** |
| | ) | **DEPOSITION** |
| Defendant. | ) | |
| | ) | **(Re: Docket Nos. 67, 71)** |

In this patent infringement suit, Plaintiff Vasudevan Software, Inc. ("VSI") seeks an order from this court compelling Defendant MicroStrategy Incorporated ("MicroStrategy") to: (1) produce a company representative for deposition; and (2) provide a complete response to one of its interrogatories. The court GRANTS-IN-PART VSI's first motion, and DENIES the second motion.

## I.    BACKGROUND

On June 11, 2012, VSI filed a motion to compel a response to VSI's Interrogatory No. 8,[1] and on June 19, 2012, VSI filed a motion to compel MicroStrategy to produce a 30(b)(6) deponent.[2] The court addresses each in turn.

---

[1] *See* Docket No. 67 (Pl.'s Mot. to Compel).

[2] *See* Docket No. 71 (Pl.'s Mot. to Compel).

1

Case No.: 11-06637-RS-PSG
**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AN INTERROGATORY RESPONSE AND GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL A DEPOSITION**

United States District Court
For the Northern District of California

*A.    VSI's Motion to Compel a Deposition*

On February 1, 2012, VSI served MicroStrategy with its Patent Local Rule 3-1 Disclosure of Asserted Claims and Infringement Contentions. In April 2012, MicroStrategy produced to VSI user-level documentation, as well as source code and executable versions for MicroStrategy 9, the accused product. Shortly thereafter, VSI served MicroStrategy with a Rule 30(b)(6) deposition notice. VSI's deposition notice contains seven deposition topics relating to the allegedly infringing aspects of the accused MicroStrategy 9 product. On June 6, 2012, MicroStrategy served VSI with its Objections and Responses to VSI's Rule 30(b)(6) Deposition Notice. MicroStrategy now refuses to produce a corporate representative for deposition topics 1, 4, and 5. These deposition topics seek information regarding the low-level functionality of MicroStrategy's "MicroStrategy 9" suite of products.

VSI argues that MicroStrategy should be compelled to provide a corporate representative on all of the deposition topics it noticed because MicroStrategy has not cited an appropriate exception under Fed. R. Civ. P. 30. MicroStrategy responds that VSI's deposition topics 1, 4, and 5 are overly broad and unduly burdensome. This is because, MicroStrategy argues, topics 1 and 4 seek testimony on the operation of twenty different MicroStrategy software products, but VSI failed to identify fourteen of them in its infringement contentions. MicroStrategy also responds that topic 5 is unduly burdensome because it requires granular testimony regarding the operation of MicroStrategy products, but this information is best gleaned from the source code itself. MicroStrategy argues that VSI will perform precisely the same exercise when it updates its infringement contentions to include pinpoint source code citations. Thus, to require MicroStrategy to do so now would effectively require MicroStrategy to identify for VSI the allegedly infringing aspects of its own software.

*B.    VSI's Motion to Compel a Response to Interrogatory No. 8*

On March 12, 2012, VSI served MicroStrategy with Interrogatory No. 8. In short, Interrogatory No. 8 seeks information, "in the form of a chart, by customer and on a monthly basis,

Case No.: 11-06637-RS-PSG
**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AN INTERROGATORY
RESPONSE AND GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL A
DEPOSITION**

*United States District Court*
*For the Northern District of California*

1    a complete description of all sales of" the MicroStrategy 9 suite of products dating from April 2005

2    to the present. MicroStrategy refuses to respond to Interrogatory No. 8 as currently drafted.

3        VSI argues that it requires this information to calculate damages, especially in light of the

4    parties' upcoming settlement discussions. MicroStrategy responds in a manner similar to its

5    response to VSI's motion to compel a deposition—that VSI has only alleged that six of the twenty

6    products, when used in combination with one another, infringe. Thus, MicroStrategy responds, VSI

7    is not due all of MicroStrategy's sales data, but rather only that cabined to the products or

8    components actually identified as infringing VSI's patent portfolio.

9    **II.    LEGAL STANDARDS**

10       *A. Depositions*

11       A deposition notice pursuant to Fed. R. Civ. P. 30(b)(6) requires a corporation to designate

12   and produce an individual or individuals to testify on its behalf. Once a party notices the topics for

13   examination, the corporation must "not only produce such number of persons as will satisfy the

14   request, but more importantly, prepare them so that they may give complete, knowledgeable and

15   binding answers on behalf of the corporation."[3] Because this is a patent action, however, the court

16   must consider not only the federal rules governing discovery, but also this district's patent local

17   rules.

18       "The patent local rules were adopted by this district in order to give claim charts more

19   'bite.' The rules are designed to require parties to crystallize their theories of the case early in the

20   litigation and to adhere to those theories once they have been disclosed."[4] The Local Rules require:

21       Separately for each asserted claim, each accused apparatus, product, device,
22       process, method, act, or other instrumentality ("Accused Instrumentality") of each
         opposing party of which the party is aware. This identification shall be as specific
23       as possible. Each product, device, and apparatus shall be identified by name or
         model number, if known. Each method or process shall be identified by name, if

24

25   _____

     [3] *Marker v. Union Fidelity Life Insurance Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989).

26
     [4] *Integrated Circuit Systems, Inc. v. Realtek Semiconductors Co., Ltd.*, 308 F. Supp. 2d 1106, 1107
27   (N.D. Cal. 2004) (internal citations and quotation marks omitted).

28                                                     3
     Case No.: 11-06637-RS-PSG
     **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AN INTERROGATORY**
     **RESPONSE AND GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL A**
     **DEPOSITION**

United States District Court
For the Northern District of California

known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process.[5]

They also require, for each asserted patent, a chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality.[6] "The purpose of Patent Local Rule 3-1 . . . is in fact to be nit picky, to require a plaintiff to crystalize its theory of the case and patent claims."[7]

### B. Interrogatories

A party in a civil case may serve written interrogatories on another party, and the responding party must serve its answers and any objections within thirty days.[8] Any untimely objection to an interrogatory is waived unless the court finds good cause for excuse.[9] If no response is made, the propounding party may apply for an order compelling a response.[10] Subject to the limitations imposed by subsection (b)(2)(C), under Fed. R. Civ. P. 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[11] "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[12] However, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by

---

[5] Patent L.R. 3-1(b).

[6] Patent L.R. 3-1(c).

[7] *InterTrust Techs. Corp. v. Microsoft Corp.*, Case No. C 01-1640 SBA, 2003 WL 23120174, at *3 (N.D. Cal. 2003).

[8] Fed. R. Civ. P. 33.

[9] Fed. R. Civ. P. 33(b)(4).

[10] Fed. R. Civ. P. 37(a)(3)(B)(iii).

[11] Fed. R. Civ. P. 26(b)(1).

[12] *Id.*

4

Case No.: 11-06637-RS-PSG
**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AN INTERROGATORY RESPONSE AND GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL A DEPOSITION**

United States District Court
For the Northern District of California

1    discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its

2    likely benefit, considering the needs of the case, the amount in controversy, the parties' resources,

3    the importance of the issues at stake in the action, and the importance of the discovery in resolving

4    the issues."[13]

5    **III.    DISCUSSION**

6          It is clear that VSI's motion to compel MicroStrategy to produce a 30(b)(6) witness to

7    testify regarding topics 1 and 4 should be denied. Though the patents at issue may be complex, the

8    court's reasoning is not—VSI's infringement contentions accuse only six of the twenty sub-

9    products that constitute MicroStrategy's MicroStrategy 9 product. Consequently, VSI is due only a

10   30(b)(6) witness that is prepared to address the functionality VSI presently accuses. To hold

11   otherwise would be to undermine a key purpose of this district's patent local rules: setting the

12   metes and bounds of the case.

13         For much the same reason, the court finds that VSI is not entitled to a full production of

14   MicroStrategy's revenues dating from April 2005. As noted above, VSI has accused only six of the

15   twenty sub-products that comprise MicroStrategy's MicroStrategy 9 product. Consequently, at

16   present VSI is entitled only to revenue information cabined to these six sub-products.

17         With respect to both 30(b)(6) testimony and revenue data, if VSI successfully amends its

18   infringement contentions to address other MicroStrategy 9 sub-products, the court expects that

19   MicroStrategy would supplement its testimony and document production without delay.

20         The court grants VSI's motion to compel as to topic 5, but only as to those sub-products

21   that are presently at issue, as set forth in VSI's infringement contentions. VSI is seeking a 30(b)(6)

22   witness that can testify regarding the granular functionality of MicroStrategy's source code.

23   Testimony on the operations of source code for products at issue is standard fare in patent cases.

24   Once again, if additional sub-products are added to the case, further testimony on such sub-

25   products should be provided by MicroStrategy without delay.

26

27   [13] Fed. R. Civ. P. 26(b)(2)(C).

28   5

Case No.: 11-06637-RS-PSG
**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AN INTERROGATORY RESPONSE AND GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL A DEPOSITION**

United States District Court
For the Northern District of California

IV.     CONCLUSION

VSI's motion to compel MicroStrategy to produce a 30(b)(6) witness to testify regarding deposition topics 1, 4, and 5 is GRANTED-IN-PART. VSI's motion to compel MicroStrategy to respond to Interrogatory No. 8 is DENIED. All discovery required by this order shall be tendered no later than September 7, 2012.

**IT IS SO ORDERED.**

Dated: August 22, 2012

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No.: 11-06637-RS-PSG
**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AN INTERROGATORY RESPONSE AND GRANTING-IN-PART PLAINTIFF'S MOTION TO COMPEL A DEPOSITION**

United States District Court
For the Northern District of California