**EXHIBIT P**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 09-08441-DDP (VBKx) | Date | June 21, 2011 |
|---|---|---|---|
| Title | Nomadix, Inc. v. Hewlett-Packard Company, et al. | | |

Present: The Honorable    Victor B. Kenton, United States Magistrate Judge

| Roxanne Horan | | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:       Attorneys Present for Defendants:

None Present                None Present

**Proceedings:**   **TENTATIVE DECISION: PLAINTIFF'S MOTION TO COMPEL COMPLETE SOURCE CODE AT DEPOSITIONS**

The Court has read and reviewed the following documents: "Nomadix's Notice of Motion and Motion to Compel Complete Source Code at Deposition;" "[Proposed] Order on Nomadix's Motion to Compel Complete Source Code at Deposition;" "Plaintiff Nomadix, Inc.'s Application to File <u>Under Seal</u> "L.R. 37-2 Joint Stipulation re: Nomadix, Inc.'s Motion to Compel Complete Source Code at Deposition and Declarations of Alan Laquer and Stephane Laroche;" [Proposed] Order on Nomadix, Inc.'s Application to File <u>Under Seal</u> "L.R. 37-2 Joint Stipulation re: Nomadix, Inc.'s Motion to Compel Complete Source Code at Deposition and Declarations of Alan Laquer and Stephane Laroche;" "L.R. 37-2 Joint Stipulation re: Nomadix's Motion to Compel Complete Source Code at Deposition;" "Declaration of Alan G. Laquer in Support of Nomadix, Inc.'s Motion to Compel Complete Source Code at Deposition;" "Declaration of Nathan E. Shafroth in Support of HP's Opposition to Nomadix's Motion to Compel Complete Source Code at Depositions;" "Declaration of Stephane Laroche in Support of HP's Opposition to Nomadix's Motion to Compel Complete Source Code at Depositions;" "Order on Nomadix, Inc.'s Application to File <u>Under Seal</u> "L.R. 37-2 Joint Stipulation re: Nomadix, Inc.'s Motion to Compel Complete Source Code at Deposition and Declarations of Alan Laquer and Stephane Laroche" and "Supplemental Memorandum in Support of Nomadix's Motion to Compel Complete Source Code at Deposition."

Nomadix proposes to take the depositions of engineers of Defendants Hewlett-Packard Company, et al. ("Hewlett-Packard") and to have available at those depositions, on a computer, the complete source code for Hewlett-Packard's relevant operating system. Hewlett-Packard's objections are twofold: first, that this procedure, or any variation thereof, would be in violation of the Supplemental Protective Order (Docket No. 209) entered into by the parties and signed by the Court; second, that none of Nomadix's proposals to maintain the security and integrity of Hewlett-Packard's source code is satisfactory. For reasons to be set forth, the Court disagrees with both objections.

As to the first, the Supplemental Protective Order does not prohibit utilization of the complete source code at depositions such as these. The language of the Supplemental Protective Order, at ¶ 18, which Hewlett-Packard quotes, indicates that at such depositions involving Hewlett-Packard's source code, Nomadix "shall endeavor to use [as a deposition exhibit] only such portions of Highly Confidential Source Code - Restricted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-08441-DDP (VBKx) | Date | June 21, 2011 |
|---|---|---|---|
| Title | Nomadix, Inc. v. Hewlett-Packard Company, et al. | | |

Access Only Material as are reasonably necessary." This language cannot be reasonably interpreted as prohibiting access to the complete source code during depositions; rather it limits the extent of source code if marked as a deposition exhibit. Nomadix makes the persuasive point that copying the entire source code would involve about 57,000 pages, and that a deposition of an engineer employed by Hewlett-Packard who is familiar with this source code could not reasonably be accomplished by poking through reams of paper. Nomadix further reasonably argues that it cannot predict in advance exactly what portions of Hewlett-Packard's source code might be relevant at a particular engineer's deposition.

As to the second part of Hewlett-Packard's objections, the Court believes that Nomadix has proposed adequate alternatives to protect the security and integrity of Hewlett-Packard's source code. Some of those alternatives include taking the deposition at the offices of the law firm where Hewlett-Packard has made the source code available for inspection by Nomadix itself. Another alternative is to conduct the deposition at the Hewlett-Packard location where the source code is maintained (and presumably where the engineers are employed). There are other options proposed, such as a secure laptop which would be transported by a bonded courier, or electronically mailing the source code to the deposition location in discrete parts, none of which would be readable or useable unless linked together by passwords.

The Court believes that the parties can reach an appropriate compromise which will adequately address security concerns. If Hewlett-Packard insists on an option which would require the deponent to travel to the source code, rather than vice-versa, then it would reasonable to require Nomadix to pay the transportation costs and a reasonable per diem (e.g., for lodging and subsistence) for a Hewlett-Packard engineer to appear and be deposed. In that case, Nomadix will select the deposition location: either the Orange County law offices which Hewlett-Packard has designated as a repository for its source code, or Hewlett-Packard's Northern California office where it maintains its source code.

At the hearing on this matter, the parties should be prepared to discuss an agreed-upon means to comply with the terms and conditions of this Order.

Based on the foregoing, Nomadix's motion will be **GRANTED**.

This Tentative Decision is provided for the assistance of counsel in preparation for the hearing in this matter. It may not be cited in this or any other case for any purpose. No supplemental documents may be filed with the Court unless they are timely and in compliance with Local Rule 37-2.3. Any additional briefing must be timely and will not exceed 5 pages in length, including exhibits. Courtesy copies of all supplemental documents will be delivered to chambers. At the hearing on this motion, the parties will be

//

//

//

//

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-08441-DDP (VBKx) | Date | June 21, 2011 |
|---|---|---|---|
| Title | Nomadix, Inc. v. Hewlett-Packard Company, et al. | | |

allowed ten (10) minutes per side for argument. If both counsel wish to submit on this Tentative Decision, they should notify the Court Clerk. The matter will be taken off-calendar, and a final decision will be issued consistent with this Tentative Decision.

**IT IS SO ORDERED**.

                                                                       _____ : _____

Initials of Preparer            RH