IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 21-cv-01117-MN-CJB |
| v. | ) ) | C.A. No. 21-cv-01119-MN-CJB C.A. No. 21-cv-01120-MN-CJB |
| NETGEAR, INC., | ) ) ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's order, Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff" or "Brazos") and Defendant Netgear, Inc. ("Defendant" or "NETGEAR") (collectively, "the Parties"), respectfully submit this Joint Status Report, which includes the Parties' Status Update responsive to the Court's order during the Discovery Dispute hearing conducted June 27, 2022. Due to the amount and number of outstanding issues, Brazos requested that the parties schedule another meet-and-confer and delay the submission of the Joint Status Report by one week. NETGEAR declined to delay the filing of the status report as it believes the Court should be informed about the progress the Parties have made in the month since the discovery dispute hearing. Regarding Brazos's request for a further meet and confer, NETGEAR has not yet had an opportunity to respond as Brazos did not make this meet and confer request until a few hours before this status report was due. Regardless, NETGEAR will make itself available to meet and confer at a mutually convenient time for the Parties.

1. **Discovery Dispute:**

**BRAZOS'S POSITION:** The Parties continue to work through core technical document discovery issues addressed in the discovery dispute hearing dated June 27, 2022. The Parties met

and conferred twice including on July 6, 2022 and July 13, 2022. During the meet and confer, at Netgear's request, Brazos identified several categories of information to explain why Brazos continues to believe that NETGEAR has relevant information regarding the core technical document production in its possession, custody, and control, and explain why a deposition on core technical documents is needed.

In order to address Netgear's claims during the June 27 discovery hearing about burden, Brazos offered to limit the deposition time for the second 30(b)(6) topics to four hours and agreed that Brazos will not take discovery of counsel discovery. Moreover, to limit the number of documents involved in preparing its witnesses, Brazos agreed to limit the deposition to representative products. Netgear has not responded on whether it will agree to representative products for the deposition.

During the meet and confer, at Netgear's request Brazos specifically provided the following examples of information that Brazos contends are in Netgear's possession, custody, and control, but have not been identified by Netgear. Brazos has not received any additional information from Netgear:

i. Confirm whether there is core technical information received on components on the Netgear devices that receive sign-in/login/authentication information from Meta/Facebook (or another related system) that indicates that internet access should be allowed. Netgear agreed to look into the issue.

ii. Configuration details related to the accused products, including how the congestion control is configured in the accused products. Netgear agreed to look into the issue.

iii. Executable code or other information loaded onto the accused products.

iv. Final feature information for the accused products including 802.11, MU-MIMO, Beamforming, and Facebook Wi-Fi capability. Brazos provided Netgear with sample Netgear documents that provide these details but explained that Netgear has not produced all such documents. Brazos explained that it is looking for the final configurations of the products to ensure that subpoenas to third parties are not overbroad. Netgear agreed to look into the issue, but has not provided it.

  **NETGEAR'S POSITION:** After the discovery dispute hearing on June 27, 2022, the Parties met and conferred on July 1, 7, and 13, 2022 to discuss Topics 41-44 of Plaintiff's Second Notice of Deposition. During the meet and confers, it became apparent that much of the information Brazos seeks by way of its Topics 41-44 are really topics that are subsumed by the technical portion of Topic No. 1, which relates to the design, development, implementation, functionality, and operation of the accused products. *See* D.I. 63-14 at 26[1]. As such, NETGEAR proposed that Plaintiff could ask those questions of NETGEAR's witness(es) at same time NETGEAR provided its witness(es) for the technical portion of Topic 1.

  At the July 13 meet and confer, NETGEAR proposed the following deposition framework to resolve the dispute relating to Topics 41-44, as outlined below. To date, Brazos has not responded to this proposal.

1. <u>Information Needed for Serving Third Party Subpoenas on Chipset Makers</u>

  During the meet and confer conducted on July 1, 2022, Plaintiff stated that it needed certain information to prepare its third-party subpoenas on chipset makers. Defendant investigated whether it had this information, and confirmed in the parties' meet and confers on July 7 and 13 that it does not. However, Defendant identified additional information Plaintiff could use in its

---

[1] All docket citations are to C.A. No. 21-cv-01119.

subpoenas to identify software versions in the accused products. Defendant agreed to provide this information to Plaintiff, but Plaintiff served its Third Party Subpoenas before Defendant had finished collecting this information. Regardless, Defendant will provide the additional information to Plaintiff when collection is complete.

2. <u>Technical Deposition for '171 Patent</u>

Defendant will provide Harsha Nagaraju for his personal deposition and designate him as NETGEAR's Rule 30(b)(6) witness for at least the following topics with respect to the '171 patent on August 3, 2022:

- Part of Topic 1 (including the subsumed Topics 41-44): design, development, implementation, functionality, and operation of the '171 patent accused products with respect to Facebook WiFi; and
- Part of Topic 38: factual content in Defendant's responses to Plaintiff's Interrogatory Nos. 2-3 and 6 for the '171 patent.

In addition, Mr. Nagaraju will be prepared to testify regarding NETGEAR's knowledge regarding the software module produced at NET0071219.

3. <u>Technical Deposition for '630 Patent</u>

Defendant will provide Shiva Desigowda for his personal deposition and designate him as NETGEAR's Rule 30(b)(6) witness for at least the following topics with respect to the '630 patent on either August 18 or 19, 2022:

- Part of Topic 1 (including the subsumed Topics 41-44): design, development, implementation, functionality, and operation of the '630 patent accused products with respect to congestion control; and
- Part of Topic 38: factual content in Defendant's responses to Plaintiff's Interrogatory Nos. 2-3 for the '630 patent.

In addition, Mr. Desigowda will be prepared to testify regarding: (1) how documents are created and uploaded on to NETGEAR's technical support webpage; (2) NETGEAR's process for creating internal engineering documents, such as NET0017615; and (3) NETGEAR's

knowledge regarding the implementation of the WRED and Taildrop algorithms in the '630 patent accused products.

    4. <u>Technical Deposition for '096 Patent</u>

Within a week of the deposition of Mr. Desigowda, Defendant proposes that Plaintiff ask to meet and confer with Defendant if it believes it needs additional non-patent specific information regarding NETGEAR's core technical document production. Defendant will cooperate with Plaintiff to prepare a deponent designated for the '096 patent to answer questions regarding reasonable requests for such additional information.

Defendant will produce one or more deponents in September 2022 to testify regarding the following topics:

- Part of Topic 1 (including the subsumed Topics 41-44): design, development, implementation, functionality, and operation of the '096 patent accused products with respect to IEEE 802.11ac; and
- Part of Topic 38: factual content in Defendant's responses to Plaintiff's Interrogatory Nos. 2-3 for the '096 patent.

In addition, the deponent(s) will be prepared to testify regarding: (1) NETGEAR's knowledge regarding the implementation MU-MIMO communication in the '096 patent accused products; (2) NETGEAR's knowledge regarding the implementation of channel sounding process in the '096 patent accused products; (3) NETGEAR's knowledge regarding the implementation of explicit beamforming in the '096 patent accused products; and (4) NETGEAR's knowledge regarding the implementation of a steering matrix in the '096 patent accused products.

    **2. Claim Construction:**

Briefing on claim construction will begin shortly. Brazos's opening claim construction brief is due on July 28, 2022. Netgear's answering claim construction brief is due August 25, 2022. On July 20, 2022, Brazos requested a one-week extension for filing its opening claim

construction brief. Brazos contends that the current schedule does not provide equal time to respond to the Parties respective arguments. NETGEAR agreed to this extension provided that Brazos agrees that (1) NETGEAR's answering claim construction brief is similarly extended by one week to September 1, 2022 and (2) Brazos will not request an extension to its reply claim construction brief due on September 8, 2022. NETGEAR explained that the current claim construction schedule (*see* D.I. 20) does not have room for any further extensions without prejudicing NETGEAR's ability to respond to Brazos's positions, as NETGEAR understands that it is the Court's preference to have at least two weeks to digest the joint claim construction brief before the October 14 *Markman* hearing.

Brazos responded that NETGEAR's proposed one-week extension for the Answering Brief would not give Brazos sufficient time to respond in its Reply to the arguments. In response, NETGEAR asked Brazos if it was willing to ask the Court for an extension for the claim construction hearing to accommodate Brazos's need for an extension. If not, Brazos may proceed with an opposed motion to modify the scheduling order indicating the NETGEAR would like to keep the current schedule. To date, Brazos has not confirmed whether it would proceed with the current claim construction schedule or file a motion with the Court for a change to the claim construction schedule.

3. **Discovery:** Fact discovery is underway in accordance with this Court's Scheduling Order and the Parties anticipate completing fact discovery by February 10, 2023.

    a. **Depositions:**

**BRAZOS'S POSITION:** Brazos served 30(b)(1) and 30(b)(6) deposition notices. NETGEAR has been unable to commit to dates of availability for the vast majority of notices. Recently, NETGEAR has agreed to provide deponents to topics 1, 38, and 41-44. However, NETGEAR has

provided deposition dates for two of the deponents only recently. Netgear proposes that one of the depositions take place sometime in September, which will create an unreasonable delay in receiving needed information. Brazos cannot agree to have an individual sit only once for a deposition given continued delays in receiving deposition dates and receiving discovery.

Brazos requested a meet and confer with Netgear top discuss the full scope of the topics. Brazos is concerned that Netgear continues to delay producing responsive information and providing timely deposition dates. Brazos is also concerned that Netgear has not responded to the issue of representative products.

**NETGEAR'S POSITION:** As described in its proposal to resolve the discovery dispute above, NETGEAR has offered deponents and either dates or a timeframe for the technical topics, but Brazos has not responded to the proposal. The Parties have discussed multiple times the need to have an individual sit only once for a deposition, and NETGEAR's proposal addresses this issue. Moreover, the proposal purposely provides a delay after the technical deposition for the '630 patent such that Brazos can identify additional non-patent specific information it believes it needs regarding NETGEAR's core technical document production. The delay allows NETGEAR to prepare a technical deponent for the '096 patent to answer these non-patent specific questions in addition to the technical questions directed towards the products accused of infringing the '096 patent.

      b. **Initial Disclosures:**

**BRAZOS'S POSITION:** Brazos requested that Netgear update its initial disclosures, which are inconsistent with its discovery responses and do not provide sufficient details regarding information reasonably available to Netgear required by Rule 26.

**NETGEAR'S POSITION:** NETGEAR has agreed to supplement its initial disclosures.

c. **Document Production:**

**BRAZOS'S POSITION:** Brazos is concerned that very little document production has occurred apart from NETGEAR's core technical document productions. Brazos's Requests for Production served on November 29, 2021 cover a broad category of topics relevant to the case in chief including technical documents, marketing, and sales information. NETGEAR, however, does not appear to have produced relevant non-privileged information consistent with the information that has been requested. Furthermore, NETGEAR will not confirm that it has substantially complete document production, indicating that the Court's deadline for substantial completion of documents. NETGEAR has a duty to timely collect and produce documents especially given that the requests were propounded in November of 2021. NETGEAR should not be allowed to wait until the substantial completion deadline to produce responsive information. For example, Brazos asked during the meet and confer why all of the product requirement documents were not produced and which documents show the final version of the product configurations. Brazos explained that this information is relevant but also needed to narrow the scope of the subpoenas to third-parties. Netgear has not provided this information.

**NETGEAR'S POSITION:** In addition to producing technical documents for the accused products, NETGEAR has produced documents responsive to Brazos' financial, marketing, and organizational requests for production. At the July 13, 2022 meet and confer, Brazos requested that NETGEAR produce additional product requirements documents (PRDs) and NETGEAR agreed to do so. NETGEAR has prepared a list of the accused products whose PRDs were not previously produced and has started collecting these documents.

d. **Third party Subpoenas:**

**BRAZOS'S POSITION:** During the meet and confer conducted on July 1, 2022, Brazos stated that it needed certain information to prepare its third-party subpoenas on chipset makers. Brazos served third-party subpoenas on July 19, 2022 based on the information it was able to obtain from Netgear. Brazos requested a meet and confer to follow up with information requested during the July 13 meet and confer.

**NETGEAR'S POSITION:** During the meet and confer conducted on July 1, 2022, Brazos stated that it needed certain information to prepare its third-party subpoenas on chipset makers. During the meet and confers conducted on July 7 and 13, 2022, NETGEAR confirmed that it did not have that information. NETGEAR identified additional information Brazos could use in its subpoenas to identify software versions in the accused products. NETGEAR agreed to provide this information to Brazos, but Brazos served its third-party subpoenas before NETGEAR had finished collecting this information. Regardless, NETGEAR will provide the additional information to Brazos when collection is complete.

Respectfully submitted,

| | |
|---|---|
| DEVLIN LAW FIRM LLC | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | |
| /s/ James M. Lennon | /s/ Jennifer Ying |
| James M. Lennon (No. 4570) | Jack B. Blumenfeld (#1014) |
| Peter Akawie Mazur (No. 6732) | Jennifer Ying (#5550) |
| 1526 Gilpin Avenue | 1201 North Market Street |
| Wilmington, DE 19806 | P.O. Box 1347 |
| (302) 440-9010 | Wilmington, DE 19899 |
| jlennon@devlinlawfirm.com | (302) 658-9200 |
| pmazur@devlinlawfirm.com | jblumenfeld@morrisnichols.com |
| | jying@morrisnichols.com |
| | |
| OF COUNSEL: | OF COUNSEL: |
| | |
| Jonathan K. Waldrop | Amr O. Aly |
| Darcy L. Jones | JENNER & BLOCK LLP |
| Marcus A. Barber | 919 Third Avenue |
| John W. Downing | New York, NY 10022 |
| Heather S. Kim | (212) 891-1600 |
| ThucMinh Nguyen | AAly@jenner.com |
| KASOWITZ BENSON TORRES LLP | |
| 333 Twin Dolphin Drive, Suite 200 | Lisa M. Schoedel |
| Redwood Shores, California 94065 | Yusuf Esat |
| (650) 453-5170 | Mitchell L. Denti |
| jwaldrop@kasowitz.com | JENNER & BLOCK LLP |
| djones@kasowitz.com | 353 North Clark Street |
| mbarber@kasowitz.com | Chicago, IL 60654-3456 |
| jdowning@kasowitz.com | (312) 222-9350 |
| hkim@kasowitz.com | LSchoedel@jenner.com |
| tnguyen@kasowitz.com | YEsat@jenner.com |
| | MDenti@jenner.com |
| Paul G. Williams | |
| KASOWITZ BENSON TORRES LLP | *Attorneys for Defendant NETGEAR, Inc.* |
| 1230 Peachtree Street N.E., Suite 2445 | |
| Atlanta, Georgia 30309 | |
| (404) 260-6080 | |
| pwilliams@kasowitz.com | |
| | |
| Shelly Ivan | |
| Noah P. Dorman | |
| KASOWITZ BENSON TORRES LLP | |

1633 Broadway
New York, New York 10019
(212) 506-1835
sivan@kasowitz.com
ndorman@kasowitz.com

*Attorneys for Plaintiff*
*WSOU Investments, LLC d/b/a*
*Brazos Licensing and Development*