IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 21-1117-MN-CJB |
| NETGEAR, INC., | ) ) ) | |
| Defendant. | ) ) | |
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 21-1120-MN-CJB |
| NETGEAR, INC., | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

1. The Court, having reviewed Defendant Netgear, Inc.'s ("Defendant") motions (the "Motions") to stay pending *inter partes* review ("IPR"), (D.I. 83 in Civil Action No. 21-1117-MN-CJB; D.I. 85 in Civil Action No. 21-1120-MN-CJB), the briefing related thereto, and having considered the three stay-related factors, hereby ORDERS that the Motions are GRANTED for the reasons that follow.

2. The first "simplification of issues" factor decidedly favors a stay. In both of the two cases at issue here, all of the asserted claims of the one patent-in-suit will be under review by the United States Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB"). But even more than that, in its institution decisions, the PTAB noted that it was

reasonably likely that each asserted claim was invalid in light of at least two (and in one case three) different invalidity arguments. (D.I. 84 at 3 & ex. 1 in Civil Action No. 21-1117-MN-CJB; D.I. 86 at 3 & ex. 1 in Civil Action No. 21-1120-MN-CJB)  Thus, there seems to be a very meaningful chance that the PTAB will ultimately find many or all of the asserted claims at issue in these cases to be invalid. If that happens, then any further work done on the cases in the meantime will be wasted (and if it does not, there will still be simplification gains, in that, *inter alia*, Defendant's invalidity cases will have been significantly pared down). Moreover, absent something very unusual happening, (*see* D.I. 93 at 2-3 in Civil Action No. 21-1117-MN-CJB; D.I. 92 at 2-3 in Civil Action No. 21-1120-MN-CJB), the PTAB will be issuing its Final Written Decisions ("FWD") in October 2023—just a month or two before the scheduled trial date in December 2023. Were the cases not stayed, the timing of the PTAB's decisions would unduly complicate proceedings here, since the District Court and the parties would have to process the content of the FWDs (and what they mean for the trial) with only just weeks to go before trial begins.

3. With regard to the second "status of the litigation" factor, it is a mixed bag, as at the time the Motions were filed, these cases were just a bit short of their halfway mark. As such, the cases are surely not in their early stages (since by the time of the Motions' filing, document discovery was well underway and a *Markman* hearing had just been held). But on the other hand, there is still a ways to go before trial (i.e., no *Markman* opinion has yet issued, fact discovery will not end until February 2023, only one deposition had been taken, and summary judgement and trial are still to come), and the Court has not yet done an outsized amount of work on these matters. While judges might differ as to how this second factor should come out in light of such facts, *compare CallWave Commc'ns, LLC v. AT&T Mobility, LLC*, Civil Action No. 12-

1701-RGA, 2015 WL 1284203, at *1 (D. Del. Mar. 18, 2015), *with TruePosition, Inc. v. Polaris Wireless, Inc.*, C.A. No. 12-646-RGA/MPT, 2013 WL 5701529, at *4 (D. Del. Oct. 21, 2013), in the Court's view, the factor is about neutral.

4.  As for the third "undue prejudice" factor, it favors a stay. To be sure, if the cases are stayed and the PTAB does not declare all of the asserted claims invalid, then Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff") will have been delayed in seeking relief for alleged infringement. But the potential for such delay does not, on its own, amount to undue prejudice. *See Ever Win Int'l Corp. v. Radio Shack Corp.*, 902 F. Supp. 2d 503, 509 (D. Del. 2012). Moreover, the parties are not direct competitors, and so if the PTAB does not invalidate all asserted claims, then any intervening delay should not prejudice Plaintiff's ability to obtain full relief for infringement via a monetary damage award. And contrary to Plaintiff's argument, the record does not show that Defendant caused it prejudice by unduly delaying the filing of its IPR petitions. While the petitions were filed in February 2022, close to the one-year statutory deadline, the Court does not view that fact as being problematic *per se*—since accused infringers often understandably want to have a good handle on what the scope of the district court litigation will be before they file an IPR petition. Here, it is not as if Defendant filed its petitions many months after having seen Plaintiff's initial claim charts and after having filed its own initial invalidity contentions. *Cf. Int'l Test Sols., Inc. v. Mipox Int'l Corp.*, Case No. 16-cv-00791-RS, 2017 WL 1316549, at *3 (N.D. Cal. Apr. 10, 2017); *Freeny v. Apple Inc.*, CASE NO. 2:13-cv-00361-WCB, 2014 WL 3611948, at *2 (E.D. Tex. July 22, 2014). To the contrary, the petitions were filed right around the time that Plaintiff served its initial claim charts in these cases, and well before Defendant's initial invalidity contentions were

due.  (D.I. 17 at 4, D.I. 40 & D.I. 93 at 6 in Civil Action No. 21-1117-MN-CJB; D.I. 16 at 4, D.I. 39 & D.I. 92 at 6 in Civil Action No. 21-1120-MN-CJB)

5.  With two of the stay factors clearly favoring Defendant's position and one roughly neutral, it is clear that these cases should be stayed now, before they get into their later stages, in order to allow the PTAB's efforts to streamline the parties' disputes.

6.  Therefore, the Court ORDERS that the cases are STAYED pending the issuance of a FWD in each of the respective IPR proceedings.  No later than seven days after the last of the FWDs issues, the parties shall file with the Court a joint letter, of no more than three single-spaced pages, providing an update on the FWDs and the parties' positions as to whether the cases should remained stayed.  In the interval, the Clerk of the Court is directed to ADMINISTRATIVELY CLOSE the cases.

Dated:  November 30, 2022

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE